**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

IN RE:                                                          Chapter 11 Case

RLSV, INC.,                                              Case No. 6:24-bk-02488-GER

     Debtor.

_____/

**SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| | |
| RED LOBSTER MANAGEMENT LLC, [1] | Case No. 6:24-bk-02486-GER |
| | Lead Case |
| | |
| | Jointly Administered with |
| RED LOBSTER RESTAURANTS LLC, | Case No. 6:24-bk-02487-GER |
| RLSV, INC., | Case No. 6:24-bk-02488-GER |
| RED LOBSTER CANADA, INC., | Case No. 6:24-bk-02489-GER |
| RED LOBSTER HOSPITALITY LLC, | Case No. 6:24-bk-02490-GER |
| RL KANSAS LLC, | Case No. 6:24-bk-02491-GER |
| RED LOBSTER SOURCING LLC, | Case No. 6:24-bk-02492-GER |
| RED LOBSTER SUPPLY LLC, | Case No. 6:24-bk-02493-GER |
| RL COLUMBIA LLC, | Case No. 6:24-bk-02494-GER |
| RL OF FREDERICK, INC., | Case No. 6:24-bk-02495-GER |
| RED LOBSTER OF TEXAS, INC., | Case No. 6:24-bk-02496-GER |
| RL MARYLAND, INC., | Case No. 6:24-bk-02497-GER |
| RED LOBSTER OF BEL AIR, INC., | Case No. 6:24-bk-02498-GER |
| RL SALISBURY, LLC, | Case No. 6:24-bk-02499-GER |
| RED LOBSTER INTERNATIONAL HOLDINGS LLC, | Case No. 6:24-bk-02500-GER |

        Debtors.
_____/

**GLOBAL NOTES AND**
**STATEMENTS OF LIMITATIONS, METHODOLOGY,**
**AND DISCLAIMERS REGARDING THE DEBTORS'**
**SCHEDULES OF ASSETS AND LIABILITIES**
**AND STATEMENTS OF FINANCIAL AFFAIRS**

        Red Lobster Management LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed their respective Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and, collectively, the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Red Lobster Management LLC (6889); Red Lobster Sourcing LLC (3075); Red Lobster Supply LLC (9187); RL Kansas LLC (2396); Red Lobster Hospitality LLC (5297); Red Lobster Restaurants LLC (4308); RL Columbia LLC (7825); RL of Frederick, Inc. (9184); RL Salisbury, LLC (7836); RL Maryland, Inc. (7185); Red Lobster of Texas, Inc. (1424); Red Lobster of Bel Air, Inc. (2240); RLSV, Inc. (6180); Red Lobster Canada, Inc. (4569); and Red Lobster International Holdings LLC (4661). The Debtors' principal offices are located at 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.

"Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the Middle District of Florida. The Debtors, with the assistance of their legal and financial advisors, prepared the unaudited Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These global notes and statements of limitations, methodology, and disclaimers regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, each of the Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Schedules and Statements.[2]

The Schedules and Statements reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a stand-alone, unconsolidated basis. The financial information contained in the Schedules and Statements is limited in scope, covers a limited time period, and is presented on a preliminary and unaudited basis. As such, the Schedules and Statements have not been subject to procedures that would typically be applied to financial statements prepared in accordance with accounting principles generally accepted in the United States of America ("GAAP") and do not include all of the information and footnotes required by GAAP. Upon the application of such procedures, the financial information could be subject to changes, which could be material. The Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor.

The Debtors historically prepared consolidated quarterly and annual financial statements. Solely to comply with their obligations in chapter 11 to prepare and file the Schedules and Statements, the Debtors have prepared the Schedules and Statements using the best information presently available to them, which has been collected, maintained, and prepared in accordance with their historical accounting practices. The Schedules and Statements generally reflect operations and financial information of the Debtors on a non-consolidated basis, in a form not maintained by the Debtors in the ordinary course of their business, and are not intended to fully reconcile to the consolidated financial statements prepared by the Debtors. Accordingly, the amounts listed in the Schedules and Statements will likely differ, at times materially, from the historical consolidated financial reports. Because the Debtors' accounting systems, policies, and practices were developed to produce consolidated financial statements, rather than financial statements by legal entity, it is possible that not all assets, liabilities, income, or expenses have been recorded on the correct legal entity.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the

---

[2]   The Global Notes supplement, and are in addition to, any specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors prepared any of the Global Notes that relates to an individual Debtor and its Schedules and Statements and not to another Debtor and its Schedules and Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements. Each of the Global Notes applies to all Debtors' Schedules and Statements.

Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Nicholas Haughey, the Debtors' Chief Restructuring Officer and an authorized signatory for each of the Debtors. Mr. Haughey was assisted by the review and verification all of the Schedules and Statements by certain other members of the Debtors' management team. In reviewing the Schedules and Statements, Mr. Haughey and other members of the Debtors' management team have relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' business, Mr. Haughey has not (and, practically, could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, amounts owed by specific Debtors, any classification of such amounts, and creditor addresses.

Any audit, any future analysis of the information contained in the Schedules and Statements (or the data there underlying), or any subsequent receipt of any information may result in material changes in information requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors. The Debtors reserve the right to amend the Schedules and Statements from time to time as may be necessary or appropriate; *provided* that the Debtors, their agents, and their advisors expressly do not undertake any obligation to amend, modify, recategorize, revise, supplement, or update any of the information provided herein or to notify any third party should the information be amended, modified, recategorized, revised, supplemented, or updated, except to the extent required by applicable law.

The Schedules and Statements should not be relied upon by any persons for information relating to current or future financial condition, events, or performance of any of the Debtors or their affiliates, as the information (including results of operations) contained therein are not necessarily indicative of results which may be expected from any other period or for the full year, and may not necessarily reflect the combined results of operations, financial position, and schedule of receipts and disbursements in the future. The Schedules and Statements present the Debtors' best estimates regarding the information presented therein, but there can be no assurance that such information is complete, and the Schedules and Statements may be subject to

3

material revision.

## Global Notes and Overview of Methodology

1. **Description of the Cases**.  The Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code on May 19, 2024 (the "Petition Date").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   On May 20, 2024, the Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 62].  On May 31, 2024, the United States Trustee for the Middle District of Florida (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 250]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  The asset information provided in the Schedules and Statements represents the Debtors' asset data as of April 28, 2024, the date of the end of the Debtors' fiscal month immediately preceding the commencement of these chapter 11 cases, and the Debtors' liability data is as of the close of business on the Petition Date, in each case except as otherwise noted.

2. **Global Notes Control**.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.  In the event that the Schedules and Statements differ from any of the Global Notes, the Global Notes shall control.

3. **Reservation of Rights**.  Commercially reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.   The Debtors reserve all rights to amend, modify, recategorize, revise, supplement, or update the Schedules and Statements as may be necessary or appropriate but do not undertake any obligation to do so, except to the extent required by applicable law.  Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights with respect any issue in these chapter 11 cases, including, but not limited to, any rights under the Bankruptcy Code (including with respect to the automatic stay) and rights or claims the Debtors may hold against any third party or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

    a.   **No Admission.**  Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission, concession, or stipulation of the validity of any claim against any Debtors, any assertion made therein or herein, or a waiver of any of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

4

b.  **Claims Description**.  Certain of the Debtors' Schedules identify creditors and set forth the Debtors' estimates of the claims of creditors as of the Petition Date. While the Debtors believe they were diligent in their efforts to include all such required claims and creditors, it is possible that certain claims and creditors may have been inadvertently excluded.  Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission, concession, or stipulation by the Debtors that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on their Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."  The listing of a claim does not constitute an admission, concession, or stipulation as to any liability by the Debtors, and the Debtors reserve the right to amend the Schedules and Statements accordingly.

c.  **Recharacterization**.  The Debtors have made commercially reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  Nevertheless, due to the complexity of the Debtors' business, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items.  Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired on a postpetition basis.

d.  **Classifications**.  The listing of a claim (i) on Schedule D as "secured," (ii) on Schedule E/F as either "priority" or "unsecured priority," or (iii) listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission, concession, or stipulation by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection, or otherwise.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken.  Except as provided in an order of the Court, including, without limitation, the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral on a Limited Basis, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 393] (the "DIP Order"), the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

5

e.   **Estimates and Assumptions**.  As noted above, the Debtors have historically prepared financial statements on a consolidated basis, and it is on this basis that the Debtors continue to prepare and report financials in the ordinary course of their business.   To prepare these Schedules and Statements and report information on a legal-entity-by-legal-entity basis, the Debtors were required to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities, and the reported amounts of revenues and expenses as of the Petition Date.  Actual results could differ from such estimates.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f.   **Causes of Action**.  Despite commercially reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors have not performed or prepared all potential analyses of potential avoidance actions arising under chapter 5 of the Bankruptcy Code or actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all rights with respect to any claim, controversy, demand, right, action, suit, obligation, liability, debt, account, defense, offset, power, privilege, license, lien, indemnity, guaranty, interest, damage, remedy, cause of action, proceeding, agreement, or franchise of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, whether arising before, on, or after the Petition Date, in contract, in tort, at law, in equity, or otherwise.  Causes of action also include:  (i) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law or in equity; (ii) any claim based on, relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, violation of local, state, federal, or foreign law, or breach of any duty imposed by law or in equity, including, without limitation, securities laws, negligence, and gross negligence; (iii) the right to object to or otherwise contest claims or interests; (iv) claims pursuant to sections 362 or any section of chapter 5 of the Bankruptcy Code; (v) such Claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; and (vi) any avoidance actions arising under chapter 5 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including, without limitation, fraudulent transfer laws, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions, or in any way prejudice or impair the assertion of such claims or causes of action.

g.  **Intellectual Property Rights**.  Exclusion of certain intellectual property on the Schedules and Statements shall not be construed to be an admission, concession, or stipulation that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property on the Schedules and Statements shall not be construed to be an admission, concession, or stipulation that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner; however, in some instances, intellectual property attributed to one Debtor's ownership may, in fact, be owned by another Debtor.  Accordingly, the Debtors reserve all rights with respect to the legal status of any and all intellectual property rights.

h.  **Insiders**.  The Debtors have attempted to include all payments made on or within twelve months before the Petition Date to any individual (and their relatives) or entity who, in the Debtors' good faith belief, may be deemed an "insider."  As to each Debtor, an individual or entity is designated as an "insider" for the purposes of the Schedules and Statements if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to dictate corporate policy and the disposition of corporate assets.  The Debtors have also considered the requirements of potential GAAP and potential Securities and Exchange Commission (the "SEC") reporting standards and their public disclosures with respect to designating certain individuals and entities as "insiders" herein.

The listing or omission of a party as an "insider" for the purposes of the Schedules and Statements is for informational purposes only and is not intended to be, nor should be construed as, an admission, concession, or stipulation that such parties are insiders for purposes of section 101(31) of the Bankruptcy Code. Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for:  (i) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual or entity exercises or exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual or entity (or the Debtors) could successfully argue that it is not or was not an insider under applicable law, including, without limitation, the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (ii) any other purpose.  Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the twelve-month period before the Petition Date; nevertheless, the Debtors have included such individuals or entities herein out of an abundance of caution.  The Debtors reserve all rights with respect thereto.

7

**4. Methodology**

a.   **Basis of Presentation**.  For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include financial information for the Debtors and certain non-Debtor affiliates.  Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under GAAP.  Therefore, as noted above, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors.  Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor, as reasonably determined or estimated by the Debtors.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity.  Nevertheless, due to limitations within Debtors' accounting systems, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements.  Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, a Debtor may report more assets than liabilities.  Such report shall not constitute an admission, concession, or stipulation that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date.  Likewise, a Debtor reporting more liabilities than assets shall not constitute an admission, concession, or stipulation that such Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.  The Schedules and Statements contain unaudited information that is subject to further review and potential revisions.

b.   **Reporting Date**.  The asset information provided herein, except as otherwise noted, represents the Debtors' asset data as of April 28, 2024, the date of the end of the Debtors' fiscal month immediately preceding the commencement of these chapter 11 cases and the date of the Debtors' month-end closure to their balance sheet, and the Debtors' liability data is as of the close of business on the Petition Date, adjusted for authorized payments under the First Day Orders (as defined herein).

c.   **Confidentiality or Sensitive Information**.  Consistent with the *Order Granting Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to*

8

*File (A) a Consolidated Creditor Matrix and (B) a Consolidated List of the Top Thirty Unsecured Creditors; and (II) Authorizing the Debtors to Suppress Certain Personally Identifiable Information for Individual Creditors, Employees, and Parties in Interest* [Docket No. 201] (the "Creditor Matrix Order"), the Schedules and Statements intentionally redact certain information due to concerns for the privacy of an individual. In certain instances, the Schedules and Statements may intentionally omit or redact certain information due to concerns about the confidential or commercially sensitive nature of certain information. Any alterations or redactions in the Schedules and Statements are limited only to what the Debtors believe is necessary to protect the Debtors or the applicable third party, and the Debtors have provided interested parties with sufficient information to discern the nature of the listing. The Debtors may also be authorized or required to redact certain information from the public record pursuant to orders of the Court authorizing the Debtors to redact, seal, or otherwise protect such information from public disclosure.

d. **Consolidated Entity Accounts Payable and Disbursement Systems**. Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates are reported on Statement 4, Schedule A/B, and Schedule E/F, respectively, per the Debtors' unaudited books and records. As described more fully in the *Debtors' Emergency Motion for Interim and Final Orders (A) Authorizing the Debtors to (I) Continue to Use Existing Cash Management System, (II) Maintain Bank Accounts and Continue Use of Existing Business Forms and Checks, (III) Honor Certain Related Prepetition and Postpetition Obligations, and (IV) Perform Intercompany Transactions, (B) Granting a Waiver of Certain Investment and Deposit Guidelines, and (C) Granting Related Relief* [Docket No. 37] (the "Cash Management Motion"), the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated from their operations (the "Cash Management System"). The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts. The Cash Management System is supported by over 700 bank accounts.

The listing of any amounts with respect to receivables and payables is not, and should not be construed as, an admission, concession, or stipulation regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables.

Prior to the Petition Date, the Debtors and certain non-Debtor affiliates engaged in intercompany transactions (the "Intercompany Transactions") in the ordinary course of business, which resulted in intercompany receivables and payables (the "Intercompany Claims"). The Debtors maintain records of the Intercompany Claims. Pursuant to the *Final Order Granting Debtors' Emergency Motion for Interim and Final Orders (A) Authorizing the Debtors to (I) Continue to Use*

9

*Existing Cash Management System, (II) Maintain Bank Accounts and Continue Use of Existing Business Forms and Checks, (III) Honor Certain Related Prepetition and Postpetition Obligations, and (IV) Perform Intercompany Transactions, (B) Granting a Waiver of Certain Investment and Deposit Guidelines, and (C) Granting Related Relief* [Docket No. 394] (the "Cash Management Order"), the Court granted the Debtors authority to continue to engage in Intercompany Transactions in the ordinary course of business, subject to certain limitations set forth therein. Thus, intercompany balances as of the Petition Date, as set forth in Schedule A/B and Schedule E/F, may not accurately reflect current positions.

In addition, in the ordinary course of business, certain of the Debtors act on behalf of other Debtors. More specifically, Debtor Red Lobster Management LLC ("Red Lobster Management") makes payments on behalf of other Debtors, resulting in an intercompany charge and a liability to Red Lobster Management owed by the corresponding other Debtor. Due to historical accounting practices, the Debtors are unable to ascertain with precision certain intercompany balances among specific Debtors and among Debtors and non-Debtor affiliates. Commercially reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation. Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission, concession, or stipulation that any Debtor entity is an obligor with respect to any such payment. The Debtors reserve all rights to recharacterize or reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

e.   **Duplication**. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

f.   **Net Book Value of Assets**. In many instances, current market valuations are not maintained by or readily available to the Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets. As such, unless otherwise indicated, net book values set forth in these Schedules and Statements are presented as of the Petition Date for all assets. When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined." Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements. Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The

10

omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights the Debtors have with respect to such asset. Nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission, concession, or stipulation that any Debtor was solvent or insolvent as of the Petition Date or any time prior to or after the Petition Date.

g.    **Currency**. All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated. The Debtors converted foreign-currency amounts to U.S. dollars using exchange rates from the Federal Reserve as of the close of business on May 19, 2024.

h.    **Payment of Prepetition Claims Pursuant to First Day Orders**. Following the Petition Date, the Court entered various orders authorizing, but not directing, the Debtors to, among other things, pay certain prepetition: (i) service fees and charges assessed by the Debtors' banks; (ii) insurance and surety obligations; (iii) employee wages, salaries, and related items (including, but not limited to, employee benefit programs and supplemental workforce obligations); (iv) taxes, license fees, and other assessments of governmental units; (v) customer program obligations; and (vi) certain vendor obligations (collectively, the "First Day Orders"). As such, outstanding liabilities may have been reduced by Court-approved postpetition payments made on account of prepetition payables. Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements, unless otherwise indicated. The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to an order of the Court (including the First Day Orders).

i.    **Other Paid Claims**. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, including, without limitation, filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

j.    **Setoffs**. The Debtors routinely incur setoffs in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes, including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates and other vendor payments, returns, warranties, refunds, and negotiations and/or other disputes between the Debtors and their customers or vendors. In accordance with Debtors' agreements with their vendors and other contract counterparties, these amounts are set off on a reoccurring basis against future revenues (or as a reduction to certain costs, as the case may be) in a normal-course reconciliation process with these partners.

Certain of these ordinary-course setoffs are not independently accounted for, and, as such, may be excluded from the Schedules and Statements. Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted against them, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code.

k.      **Property and Equipment**. Unless otherwise indicated, owned property and equipment are stated at net book value. Certain intangibles are listed in the asset schedules for the applicable Debtors. While the Debtors have endeavored to attribute ownership of such property and equipment to the appropriate Debtor, such treatment may not reflect actual legal ownership.

The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Statements or Schedules is or shall be construed as an admission, concession, determination, or stipulation as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues, including, but not limited to, the recharacterization thereof.

l.      **Liens**. The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen's, or similar liens that may attach (or have attached) to such inventories, property, and equipment, and the Debtors reserve all rights with respect to such liens (if any). Any liens under the Uniform Commercial Code, as adopted in any relevant jurisdiction, are listed on Schedule D as of the Petition Date.

m.      **Excluded Assets and Liabilities**. In their efforts to prepare the Schedules and Statements, the Debtors have excluded certain assets and liabilities otherwise included in their financial statements or books and records. Certain liabilities resulting from accruals, liabilities recognized in accordance with GAAP, and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported. Therefore, they do not represent specific rights to payment or other claims as of the Petition Date and are not otherwise set forth in the Schedules. Additionally, certain deferred assets, charges, accounts, or reserves recorded for GAAP reporting purposes only, and certain assets with a net book value of zero, are not included in the Schedules. Other excluded categories of assets and liabilities include, but are not limited to, deferred tax assets and liabilities, deferred income, deferred charges, self-insurance reserves, favorable lease rights, and unfavorable lease liabilities. In addition, and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other orders that may be entered by the Court. Other immaterial assets and liabilities may also have been excluded.

12

n.    **Undetermined Amounts**.   The description of an amount as "unknown," "undetermined," or any similar characterization is not intended to reflect upon the materiality of such amount.

o.    **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown," "undetermined," or any similar characterization.  If there are unknown or undetermined amounts that represent valid, viable, or valuable assets or liabilities, the actual totals may be materially different from the listed totals.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.  To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

p.    **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and postpetition payments, if applicable.  The Debtors reserve all rights with regard to such credits, allowances, and other adjustments, including, but not limited to, the right to assert claims objections and/or setoffs with respect to the same.

q.    **Guarantees and Other Secondary Liability Claims**.  The Debtors exercised their commercially reasonable efforts to locate and identify guarantees and other secondary liability claims (the "Guarantees") in their secured financings, debt instruments, leases, and other agreements.   Nevertheless, a review of these agreements, specifically the Debtors' unexpired leases and executory contracts, is ongoing.   Where such Guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor or Debtors.  The Debtors have reflected the obligations under the Guarantees for both the primary obligor and the guarantors with respect to their secured financings, debt instruments, leases, and other such agreements on Schedule H.   Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, leases, and other agreements inadvertently may have been omitted.  The Debtors may identify additional Guarantees as they continue their review of their books and records and contractual agreements.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional Guarantees are identified.

r.    **Leases**.  The Debtors have not included the future obligations of any capital or operating leases in the Schedules and Statements.  To the extent that there was an amount outstanding on account of such lease as of the Petition Date, the

13

creditor has been included on Schedule E/F of the Schedules. In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, other property interests, and/or equipment from third-party lessors for use in the daily operation of their business. Any such prepetition obligations that are known to the Debtors have been listed on Schedule F, the underlying lease agreements are listed on Schedule G or, if the leases are in the nature of real property interests under applicable state laws, on Schedule A/B. Nothing in the Schedules and Statements is, or shall be construed to be, an admission, concession, determination, or stipulation as to the legal status of any lease (including whether any lease is a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

s. **Executory Contracts**. Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

t. **Allocation of Liabilities**. The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

u. **Unliquidated Claim Amounts**. Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

v. **Umbrella or Master Agreements**. Contracts and leases listed in the Schedules and Statements may be umbrella, master, or national agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only for the Debtor entity that signed the original umbrella or master agreement. Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate. The master service agreements or other ancillary documents have been listed in Schedule G, but do not reflect any decision by the Debtor as to whether or not such agreements are executory in nature.

**Notes Specific to Certain of the Debtors' Schedules of Assets and Liabilities**

Schedules A/B, D, E/F, G, and H may contain explanatory or qualifying notes that pertain to the information provided in the Schedules. Those Schedule-specific notes are incorporated

14

herein by reference. Unless otherwise noted, the asset totals listed on the Schedules are derived from amounts included in the Debtors' books and records as of the Petition Date. To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

1. **Schedule A/B**

    a.    **Part 1**. The cash amounts listed are as of the Petition Date for the corresponding Debtor and reflect the bank balance, not the net book value. The Debtors have excluded "Change Funds" from question 2, which represent small amounts of cash (approximately $1,000) maintained at each of the Debtors' restaurants and used to provide change to customers.

    b.    **Part 2**. The Debtors maintain certain deposits in the ordinary course of their business operations. These deposits are included in the Schedules for the appropriate legal entity. Types of deposits include, among other things, security deposits and utility deposits. Certain prepaid or amortized assets are not listed in Part 2 in accordance with the Debtors' accounting policies. The amounts listed in Part 2 do not necessarily reflect values that the Debtors will be able to collect or realize.

    c.    **Part 3**. The Debtors' accounts receivable information includes receivables from the Debtors' customers, vendors, or third parties, which are calculated net of any amounts that, as of the Petition Date, may be owed to such parties in the form of offsets or other price adjustments pursuant to the Debtors' customer programs and day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances. The accounts receivable balances in this section exclude intercompany receivables and credit card receivables, which the Debtors historically have treated (and treat for purposes of the Schedules and Statements) as cash equivalents.

    d.    **Part 4**. Part 4 identifies only subsidiaries owned directly by the Debtor entity. Subsidiaries owned indirectly by the Debtor entity are not listed. Ownership interests in subsidiaries, partnerships, and joint interests have been listed in Schedule A/B, Question 15 as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

    e.    **Part 7**. Actual realizable values may vary significantly relative to net book values as of the Petition Date. From time to time, the Debtors liquidate certain assets, including furniture, fixtures, and equipment, in connection with the closure of certain restaurant locations. Certain of such liquidations are reported on Statement 13 of the applicable Debtor's Statements. The Debtors have historically accounted for (and continue to account for in the ordinary course of business) furniture, fixtures, and certain leasehold improvements on a combined basis. Due to this historical accounting treatment and associated record-keeping practices, the Debtors are unable to separately disclose furniture, fixtures, and

15

certain leasehold improvements and have listed them as a combined entry in the Schedules.

f.      **Part 8**.  Property leased by the Debtors is listed in Schedule G and is not listed in Part 8 of Schedule A/B, with the exception of any lease or security deposits for such property, which is listed on Schedule A/B.  Actual realizable values of the assets identified may vary significantly relative to net book values as of the Petition Date.

g.      **Part 9**.  Property leased by the Debtors is listed in both Part 9 of Schedule A/B and Schedule G.  Furthermore, property values are scheduled in accordance with the Debtors' books and records, which may not comport with the legal owner of record.  Actual realizable values of the assets identified may vary significantly relative to net book values as of the Petition Date.  The Debtors reserve all rights to recharacterize their interests in real property at a later date.  Due to the large volume of leasehold improvements across various locations, it is not practicable nor feasible for the Debtors to list each individually.

h.      **Part 10**.  Part 10 identifies the various trademarks, patents, environmental permits, and website domains owned and maintained by the Debtors.  The Schedules may not list the value of such intangible assets as no recent appraisals have been performed.  Various software licenses the Debtors use for its operations, which are easily obtainable and hold minimal value, are not included.

i.      **Part 11**.  The Debtors maintain various insurance policies administered by multiple third-party insurance carriers and various surety bonds provided by multiple third-party sureties.  The insurance policies provide coverage for, among other things, the Debtors' property, general liability, automobile liability, transportation liability, cyber liability, umbrella coverage, casualty liability, fiduciary liability, pollution liability, and directors' and officers' liability (including tail coverage).  The Debtors more fully describe such policies in the *Debtors' Emergency Motion for Authorization to (I) Continue to Administer Insurance Policies, Surety Bonds and Related Agreements; (II) Honor Certain Obligations in Respect Thereof; and (III) for Related Relief* [Docket No. 39] and the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to Enter into the New Insurance Program, (II) Authorizing Assumption of the Existing Insurance Program, and (III) Granting Related Relief* [Docket No. 41] (collectively, the "Insurance Motions").  Any policies owned by suppliers to which Debtor entities may have been added as a beneficiary are not included.

In addition, the Debtors have attempted to list known causes of action and other claims.  Potential preference actions and/or fraudulent transfer actions were not listed because the Debtors have not completed an analysis of such potential claims. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission, concession, or stipulation that such cause of action,

16

claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

2.  **Schedule D**

a.   The claims listed on Schedule D, as well as the guarantees of those claims listed on Schedule H, arose and were incurred on various dates.  To the best of the Debtors' knowledge, all claims listed on Schedule D arose, or were incurred before the Petition Date.

b.   Except as otherwise agreed or stated pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and/or their estates reserve the right to dispute and challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor and, subject to the foregoing limitations, note as follows:  (a) although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken, and (b) the descriptions provided on Schedule D and herein are intended to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Detailed descriptions of the Debtors' prepetition debt contained on Schedule D are contained in the *Declaration of Jonathan Tibus in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 6] (the "First Day Declaration").

c.   The DIP Order approved the satisfaction of certain prepetition secured claims and a "roll-up" of certain other prepetition secured claims, converting such claims into principal obligations under the Debtors' postpetition financing facility.  The claims set forth on Schedule D do not take into account the claims that have been satisfied or rolled-up in accordance with the DIP Order and instead reflect the full amount outstanding under the Debtors' prepetition secured credit facilities as of the Petition Date.

d.   The liens identified herein were identified based on lien searches conducted by the Debtors or their professionals in May 2024.  However, the Debtors have not confirmed the validity of these liens or the underlying amounts owed in all cases.  Therefore, certain of these liabilities are listed in undetermined amounts and marked as contingent, unliquidated, and disputed in order to preserve the rights of the Debtors, and the Debtors expressly retain their rights to deem any such obligations as reinstated and rendered unimpaired.

e.   Except as specifically stated herein, real property lessors, equipment lessors, utility companies, and other parties which may hold security deposits or other security interests have not been listed on Schedule D.

17

f. Schedule D does not include beneficiaries of letters of credit. Although the claims of such parties may be secured by a letter of credit, the Debtors' obligations under the letters of credit run to the issuers thereof, and not to the beneficiaries thereof.

g. The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, any of the Debtors, or through judgment or statutory lien rights. The Debtors have not investigated which of the claims may include such rights, and their population is currently unknown.

3. **Schedule E/F**

a. **Part 1**. The claims listed on Part 1 arose and were incurred on various dates. A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, no such dates are included for each claim listed on Part 1. To the best of the Debtors' knowledge, all claims listed on Part 1 arose or were incurred before the Petition Date.

The Debtors have not listed any wage or wage-related obligations that the Debtors have paid pursuant to the First Day Orders on Part 1. The Debtors believe that all such claims for wages, salaries, expenses, benefits, and other compensation as described in the First Day Orders have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted to the Debtors in the relevant First Day Orders. The Debtors reserve their right to dispute or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.

The Debtors also have not listed any tax-related obligations that the Debtors have paid pursuant to the First Day Orders on Part 1. The Debtors believe that all such claims for taxes as described in the First Day Orders have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted to the Debtors in the relevant First Day Orders. The Debtors reserve their right to dispute or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.

b. **Part 2**. The Debtors have exercised commercially reasonable efforts to list all liabilities on Part 2 of each applicable Debtor's Schedule. As a result of the Debtors' consolidated operations, however, Part 2 for all Debtors should be reviewed in these cases for a complete understanding of the unsecured claims against the Debtors. More specifically, because, as noted above, the Debtors have historically prepared financial statements on a consolidated basis, and it is on this basis that the Debtors continue to prepare and report financials in the ordinary course of their business, certain estimates and prorations were used to determine the amounts of prepetition unsecured claims for each Debtor. Where applicable, Part 2 reflects prepetition liabilities on a respective Debtor's balance sheet. In other cases, the Debtors have made commercially reasonable efforts to

18

estimate prepetition liabilities attributable to a respective Debtor and adjusted information reflected in the Debtors' consolidated financial systems accordingly. For the avoidance of doubt, demand letters received from potential litigants that do not list a specific Debtor are listed on the Schedules of Red Lobster Management.

Certain creditors listed on Part 2 may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Part 2 may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code. Additionally, certain trade payables associated with vendors who may have offsetting rebate balances are listed in the asset schedules for Red Lobster Management. This treatment may not reflect actual entity obligations. Additionally, certain creditors may assert mechanics' or other similar liens against the Debtors for amounts listed on Part 2. The Debtors reserve all rights to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of any Debtor. In addition, certain claims listed on Part 2 may potentially be entitled to administrative expense priority under section 503(b)(9) of the Bankruptcy Code.

The Debtors have made commercially reasonable efforts to include all unsecured creditors on Part 2 including, but not limited to, vendors, software companies, landlords, utility companies, affiliates, consultants, and other service providers. Nonetheless, the possibility exists that there are instances where creditors have not been included on Part 2, including, but not limited to, instances where creditors have yet to provide proper invoices for prepetition goods or services. While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and have not been included on Part 2.

Unless otherwise noted, the claims listed on Part 2 are based on the Debtors' books and records as of the Petition Date. The Debtors have excluded workers' compensation claims from the Schedules because the Debtors are fully insured for and continue to honor their workers' compensation obligations in the ordinary course in accordance with (i) the *Final Order Granting Debtors' Emergency Motion for Interim and Final Orders Authorizing Debtors to (I) Pay Prepetition Wages, Salaries, Employee Benefits, and Other Employee Obligations, (II) Maintain Employee Benefit Programs, and (III) for Related Relief* [Docket No. 382] (the "Wages Order") and (ii) the *Order Granting Debtors' Emergency Motion for Authorization to (I) Continue to Administer Insurance Policies, Surety Bonds and Related Agreements; (II) Honor Certain Obligations in Respect Thereof; and (III) for Related Relief* [Docket. No. 151].

19

Part 2 does not include certain balances, such as deferred liabilities, accruals, or reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals primarily represent estimates of liabilities and do not represent specific claims as of the Petition Date.

Part 2 does not include reserves for liabilities that may have arisen under litigation or threatened litigation in which a Debtor is a defendant unless there is a final judgment or a settlement agreement.

Part 2 includes certain intercompany claims. As noted above, in the ordinary course of business, Red Lobster Management makes payments on behalf of other Debtors, resulting in an intercompany charge and a liability to Red Lobster Management owed by the corresponding other Debtor. As a result of the Debtors' centralized cash management system described in the Cash Management Motion, there are frequent and voluminous intercompany charges reflected in intercompany balances maintained by each of the Debtors. Because these intercompany balances do not affect the Debtors' consolidated operations or financial reporting, they are rarely, if ever, reconciled or cleared. Due to historical accounting practices, the Debtors are unable to ascertain with precision certain intercompany balances among specific Debtors and among Debtors and non-Debtor affiliates. For purposes of Part 2, the Debtors have disclosed the intercompany balances between Red Lobster Management and each of the other Debtors (as well as their non-Debtor affiliates, where applicable), in each case as of April 28, 2024, the date of the end of the Debtors' fiscal month immediately preceding the commencement of these chapter 11 cases.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable Debtor. The Debtors reserve all rights with respect to any such credits and/or allowances, including, but not limited to, the right to assert objections and/or setoffs or recoupments with respect to same.

The Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims pursuant to the First Day Orders. To the extent practicable, each Debtor's Schedule E/F is intended to reflect the balance as of the Petition Date, adjusted for postpetition payments made under some or all of the First Day Orders. Each Debtor's Schedule E/F will reflect some of that Debtor's payment of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F. Certain Debtors may pay additional claims listed on Schedule E/F during these chapter 11 cases pursuant to the First Day Orders and other orders of the Court and the Debtors reserve all rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claims. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

20

For the avoidance of doubt, the names, addresses, and emails of individual creditors have been redacted pursuant to the Creditor Matrix Order. Such customers and members have been sent and will be sent individualized notices as appropriate in these chapter 11 cases.

4. **Schedule G.** Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "Agreements") as of the filing of the Statements and Schedules, the Debtors' collection and review process of the Agreements is ongoing and inadvertent errors, omissions, or over- or under-inclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments/letter agreements, master service agreements, and confidentiality agreements which may not be set forth in Schedule G. Omission of a contract or agreement from Schedule G does not constitute an admission, concession, or stipulation that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors have made reasonable efforts to identify the Debtor entity for each contract, and, in instances where this could not be determined, the contract is listed on Red Lobster Management's Schedules.

Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission, concession, or stipulation that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable.

The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G. Certain leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not independently set forth on Schedule G.

5. **Schedule H.**

The Debtors are party to various debt agreements that were executed by multiple Debtors. The guaranty obligations under prepetition secured credit agreements are noted on Schedule H for each individual Debtor.

In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. Some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties. To the extent such claims are listed elsewhere in the Schedules of each applicable Debtor, they have not been set forth individually on Schedule H.

In the event that two or more Debtors are co-obligors with respect to a scheduled debt or guaranty, such debt or guaranty is listed in the Schedules and Statements of each such Debtor at the full amount of such potential claim.

No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors.

To the extent the Global Notes include notes specific to Schedules D-G, such Global Notes also apply to the co-Debtors listed in Schedule H. The Debtors reserve all rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

**Notes Specific to Certain of the Debtors' Statements of Financial Affairs**

6. **Statement 1 and Statement 2.** In the ordinary course of business, the Debtors receive rebates and other payments from vendors in connection with the Debtors' business relationship with such vendors. Consistent with GAAP, the Debtors have historically accounted for such payments not as revenue but as a reduction to the costs associated with such payments. Accordingly, the Debtors do not include such amounts as revenue on Statement 1 or Statement 2.

   In addition, the Debtors received certain benefits in connection with relief programs designed to combat the effects of the COVID-19 pandemic, including Payroll Protection Program ("PPP") federal government loans in the United States and rent and wage subsidies from the Canadian government. Consistent with GAAP (and Internal Revenue Service guidance with respect to PPP loans), the Debtors do not treat such amounts as revenue or income. Accordingly, the Debtors do not include such amounts as revenue on Statement 1 or Statement 2.

7. **Statement 3**. As described in the Cash Management Motion, the Debtors utilize their integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations.

   The payments disclosed in Statement 3 are based on payments made by the Debtors with payment dates from February 19, 2024, through May 19, 2024. Amounts still owed to creditors will appear on the Schedules for each Debtor, as applicable.

   The response to Statement 3 excludes regular salary payments and disbursements or transfers for this period, which are listed, to the extent required, on Statement 4. The response to Statement 3 excludes payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy for this period, which are listed on Statement 11.

   As described in detail in the Wages Motion and the Cash Management Motion, the Debtors participate in an employee emergency assistance program maintained by non-Debtor Red Lobster Cares, Inc. ("RL Cares"), a Florida not-for-profit corporation. Pursuant to such

22

program, employees may elect to donate (through paycheck deductions) to RL Cares for grants to employees experiencing hardship meeting certain criteria.  Prior to the Petition Date, in certain cases, employee donations for a given payroll period to RL Cares were netted against grants made by RL Cares during the same payroll period, after which Red Lobster Management made direct payments to the employees receiving grants and paid the balance of employee donations to RL Cares.  This practice was terminated prior to the Petition Date; Red Lobster Management currently makes no direct grant payments, and all such payments are made by RL Cares.  Nonetheless, certain direct grant payments made by Red Lobster Management prior to the Petition Date may be included in Statement 3.

8. **Statement 4.**  As described in the Cash Management Motion, certain Debtor cash accounts are zero-balance accounts or receipt accounts.  Balances in these accounts are swept on at least a daily basis to Debtor concentration accounts.  These transfers are ordinary course and voluminous and, for those reasons, have not been included on Statement 4.

**Payments to Individuals.**  The listing or omission of a party as an "insider" for the purposes of Statement 4 or otherwise in the Schedules and Statements is for informational purposes only and is not, is not intended to be, and should not be construed as an admission, concession, or stipulation that such parties are insiders for purposes of section 101(31) of the Bankruptcy Code.

Payments made to Alvarez & Marsal North America LLC ("Alvarez & Marsal") are reflected in the Debtors' responses to Statement 11.  Payments made by Alvarez & Marsal to the Debtors' Chief Executive Officer Jonathan Tibus and the Debtors' Chief Restructuring Officer Nicholas Haughey are not listed in response to Statement 4.  None of the Debtors have made or currently make payments directly to Mr. Tibus or Mr. Haughey.

As described more fully in the Cash Management Motion and authorized in the Cash Management Order, the Debtors provide certain employees (including certain employees listed as "insiders" for purposes of Statement 4) with corporate credit cards or purchasing cards for business expenses.  While these cards may be issued in the individual employees' names, the Debtors' bank accounts are automatically debited to pay any outstanding balances.  Expenses charged to such credit cards and any corresponding payments by the Debtors to the card issuers are not included on Statement 4.

As described more fully in the *Debtors' Emergency Motion for Interim and Final Orders Authorizing Debtors to (I) Pay Prepetition Wages, Salaries, Employee Benefits, and Other Employee Obligations, (II) Maintain Employee Benefit Programs and (III) for Related Relief* [Docket No. 16] (the "Wages Motion"), the Debtors historically offered a performance unit incentive benefit program to certain of their employees (including certain employees listed as "insiders" for purposes of Statement 4, although the relief sought in the Wages Motion and granted by the Wages Order does not include the payment of any amount under such benefit program to any insider).  Awards under the performance unit policy are payable in cash based on the value of the award on the vest date, and such cash amounts are included on Statement 4.

23

**Payments to Certain Affiliates.**   In the ordinary course of business, Red Lobster Management contracts with Kenneth O Lester Company, Inc. (d/b/a PFG Customized Distribution, "PFG") to provide custom distribution services.  Under the arrangements with PFG, (1) the Debtors direct PFG to purchase food products (including food products produced exclusively for use in Red Lobster restaurants) from specific suppliers (the "Suppliers") determined by the Debtors (including the Debtors' indirect owner Thai Union Group and certain of its subsidiaries, such as Chicken of the Seas Frozen Foods (collectively, "Thai Union")); (2) PFG purchases products from these Debtor-determined suppliers; and (3) PFG sells and delivers such products to the Debtors on an as-needed basis.

The Debtors typically do not pay the Suppliers directly for products; rather, the Debtors pay PFG for products when such products are delivered to the Debtors' restaurants.  For purposes of Statement 4 and in the interest of full disclosure, the Debtors have endeavored to include any amounts paid to PFG that benefited Thai Union.  Because the Debtors do not make payments directly to Thai Union under their arrangements with PFG, the dates for payments for the benefit of Thai Union included in Statement 4 may reflect the date of receipt for the food products purchased by the Debtors.  In addition, any such amounts paid to PFG within 90 days before the Petition Date are also included in the Debtors' response to Statement 3.

**Remittance of Employee Charitable Contributions.**  As described in detail in the Wages Motion and the Cash Management Motion, certain of the Debtors' employees may elect to donate (through paycheck deductions) to RL Cares for grants to employees experiencing hardship meeting certain criteria.  While such donations by employees do not represent payments of any property of the Debtors' estates, Red Lobster Management withholds the appropriate deductions and remits the employee donations to RL Cares, and Statement 4 includes such remittances out of an abundance of caution and in the interest of full disclosure.

**Intercompany Claims.**  Due to historical accounting practices, the Debtors are unable to ascertain with precision certain intercompany balances among specific Debtors and among Debtors and non-Debtor affiliates.  More specifically, in the ordinary course of business, Red Lobster Management makes payments on behalf of other Debtors, resulting in an intercompany charge and a liability to Red Lobster Management owed by the corresponding other Debtor.  As a result of the Debtors' centralized cash management system described in the Cash Management Motion, there are frequent and voluminous intercompany charges reflected in intercompany balances maintained by each of the Debtors.  Because these intercompany balances do not affect the Debtors' consolidated operations or financial reporting, they are rarely, if ever, reconciled or cleared.  For purposes of Statement 4, the Debtors have disclosed the net increase or decrease in the intercompany balances between Red Lobster Management and each of the other Debtors (as well as their non-Debtor affiliates, where applicable), in each case within one year before the filing of these chapter 11 cases.  The Debtors have not disclosed certain notional cash movements or "sweeps" pursuant to intercompany automated clearing house and zero-balance-account credits and debits.

9. **Statement 7**. Information provided on Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. While the Debtors believe they were diligent in their efforts to include all such information on Statement 7, it is possible that certain suits and proceedings may have been inadvertently excluded in the Debtors' response to Statement 7. The Debtors reserve all rights to amend or supplement their response to Statement 7.

10. **Statement 9**. For the avoidance of doubt, Statement 9 excludes de minimis charitable contributions. Statement 9 includes certain donations to RL Cares and to Make-a-Wish Foundation of America ("Make-a-Wish"). Such donations reflect remittances of (in the case of RL Cares) donations made by certain of the Debtors' employees and deducted from such employees' paychecks and (in the case of Make-a-Wish) donations made by certain of the Debtors' customers and added to such customers' dining bills. While such remittances do not represent payments of any property of the Debtors or their estates, Statement 9 includes such remittances out of an abundance of caution and in the interest of full disclosure. The Debtors historically have made and, in the ordinary course of business, continue to make food donations that are facilitated by Food Donation Connection LLC, an organization that coordinates and manages food donation programs for restaurant and food service companies. Statement 9 lists the ultimate recipient of various such food donations that are coordinated through Food Donation Connection.

11. **Statement 10**. The Debtors have made reasonable efforts to identify the Debtor entity for each loss, and, in instances where this could not be determined, the loss is listed on Red Lobster Management's Schedules. The Debtors do not track or account for losses from inventory shrinkage. Historically, the Debtors have conducted inventories approximately each month, and such inventories are reflected on the Debtors' responses to Statement 27.

12. **Statement 11**. All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on the applicable Debtor's response to Statement 11. Due to the nature of certain of the Debtors' professionals' work, distinguishing payments related to the Debtors' bankruptcy proceedings from payments for services unrelated to the Debtors' bankruptcy proceedings can be difficult. The Debtors have therefore included some payments related to non-bankruptcy-related services on Statement 11 out of an abundance of caution. Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.

In addition, the Debtors have listed payments made to professionals retained by the Debtors but not payments made to advisors of their prepetition and postpetition secured lenders or other parties.

13. **Statement 13.** While in certain cases the Debtors may attempt to sell furniture, fixtures, equipment, and other assets when closing a restaurant location (and such sales, as applicable, are reflected on Statement 13), in other cases the Debtors may abandon furniture, fixtures, equipment, and other assets when leaving a leased property due to their

25

limited value.  The Debtors do not track abandoned property and, accordingly, have not reported it in Statement 13.

14. **<u>Statement 20</u>**.  The locations listed for off-premises storage in Statement 20 do not include cloud-based storage of electronic data.

15. **<u>Statement 26</u>**.  The Debtors provide certain parties such as banks, auditors, potential investors, vendors, and financial advisors with financial statements that may not be part of a public filing.  The Debtors do not maintain detailed records tracking such disclosures and do not list such parties in Statement 26.

16. **<u>Statement 30</u>**.  Please refer to the "Methodology" section and other provisions of the Global Notes regarding all payments to insiders.

**Fill in this information to identify the case:**

Debtor name    RLSV, Inc.

United States Bankruptcy Court for the:    Middle District of Florida, Orlando Division

Case number (If known):    24-02488

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals     12/15

---

**Part 1: Summary of Assets**

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**

     Copy line 88 from *Schedule A/B* ............................................................    $     0.00

   1b. **Total personal property:**

     Copy line 91A from *Schedule A/B* ......................................................    $     86,842,393.55*

   1c. **Total of all property:**

     Copy line 92 from *Schedule A/B* ........................................................    $     86,842,393.55*

---

**Part 2: Summary of Liabilities**

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* .........................................    $     Undetermined

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**

     Copy the total claims from Part 1 from line 5a of *Schedule E/F* ...................................    $     0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**

     Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* .................    **+** $     85,117.96

4. **Total liabilities** ......................................................................................    $     85,117.96*

   Lines 2 + 3a + 3b

---

**\*Plus Undetermined Amounts**

**Fill in this information to identify the case:**

Debtor name  RLSV, Inc.

United States Bankruptcy Court for the:  Middle District of Florida, Orlando Division

Case number (If known)  24-02488

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

    ☒    No. Go to Part 2.

    ☐    Yes. Fill in the information below.

| **All cash or cash equivalents owned or controlled by the debtor** | **Current value of debtor's interest** |
|---|---|

2. **Cash on hand**    $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1 _____ | _____ | __ __ __ __ | $ _____ |
| 3.2 _____ | _____ | __ __ __ __ | $ _____ |

4. **Other cash equivalents** *(Identify all)*

    4.1 _____    $ _____

    4.2 _____    $ _____

5. **Total of Part 1**

    Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    | $    0.00 |

### Part 2:    Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

    ☒    No. Go to Part 3.

    ☐    Yes. Fill in the information below.

    **Current value of debtor's interest**

7. **Deposits, including security deposits and utility deposits**

    Description, including name of holder of deposit

    7.1 _____    $ _____

    7.2 _____    $ _____

Debtor  RLSV, Inc.
_____
        Name

Case number (if known)  24-02488
_____

---

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1 _____   $ _____

   8.2 _____   $ _____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.

   $ _____ 0.00

---

## Part 3:  Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☐  No. Go to Part 4.

    ☒  Yes. Fill in the information below.

    |  | Current value of debtor's interest |
    |---|---|

11. **Accounts receivable**

    | | face amount | doubtful or uncollectible accounts | | | Current value of debtor's interest |
    |---|---|---|---|---|---|
    | 11a. 90 days old or less: | 3,990,011.21 | — 0.00 | = ...... → | $ | 3,990,011.21 |
    | 11b. Over 90 days old: | 0.00 | — 0.00 | = ...... → | $ | 0.00 |

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.

    $ _____ 3,990,011.21

---

## Part 4:  Investments

13. **Does the debtor own any investments?**

    ☒  No. Go to Part 5.

    ☐  Yes. Fill in the information below.

    | | Valuation method used for current value | Current value of debtor's interest |
    |---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    | | | |
    |---|---|---|
    | 14.1 _____ | _____ | $ _____ |
    | 14.2 _____ | _____ | $ _____ |

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                                    % of ownership:

    | | | | |
    |---|---|---|---|
    | 15.1 _____ | _____ % | _____ | $ _____ |
    | 15.2 _____ | _____ % | _____ | $ _____ |

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    | | | |
    |---|---|---|
    | 16.1 _____ | _____ | $ _____ |
    | 16.2 _____ | _____ | $ _____ |

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.

    $ _____ 0.00

---

Debtor  RLSV, Inc.
_____
Name

Case number (if known) 24-02488

## Part 5:   Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| 20. **Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| 21. **Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| 22. **Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |

23. **Total of Part 5.**

Add lines 19 through 22. Copy the total to line 84.

$ _____ 0.00

24. **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value  $ _____  Valuation method _____  Current value  $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 6:   Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops-either planted or harvested** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $ _____ | _____ | $ _____ |
| 30. **Farm machinery and equipment**  (Other than titled motor vehicles) | | | |
| _____ | $ _____ | _____ | $ _____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $ _____ | _____ | $ _____ |

Debtor   RLSV, Inc.                                                                 Case number (if known)  24-02488
         Name

33. **Total of Part 6.**

    Add lines 28 through 32. Copy the total to line 85.                             $ _____ 0.00

34. **Is the debtor a member of an agricultural cooperative?**

    ☐   No

    ☐   Yes. Is any of the debtor's property stored at the cooperative?

        ☐   No

        ☐   Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐   No

    ☐   Yes. Book value  $ _____    Valuation method _____    Current value  $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

    ☐   No

    ☐   Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

    ☐   No

    ☐   Yes

## Part 7:   Office furniture, fixtures, and equipment; and collectibles

38  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

    ☑   No. Go to Part 8.

    ☐   Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $ | | $ |
| 40. **Office fixtures** | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $ | | $ |
| 42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | $ | | $ |
| 42.2 | $ | | $ |
| 42.3 | $ | | $ |

43. **Total of Part 7.**

    Add lines 39 through 42. Copy the total to line 86.                             $ _____ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

    ☐   No

    ☐   Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

    ☐   No

    ☐   Yes

Debtor  RLSV, Inc.
      Name

Case number (If known)  24-02488

## Part 8:  Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑  No. Go to Part 9.

☐  Yes. Fill in the information below.

| General Description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1 | $ | | $ |
| 47.2 | $ | | $ |
| 47.3 | $ | | $ |
| 47.4 | $ | | $ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1 | $ | | $ |
| 48.2 | $ | | $ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 | $ | | $ |
| 49.2 | $ | | $ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| | $ | | $ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$                    0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐  No

☐  Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐  No

☐  Yes

Debtor   RLSV, Inc.
     Name

Case number (if known)  24-02488

## Part 9:  Real property

**54.  Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55.  Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | $ | | $ |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

**56.  Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$       0.00

**57.  Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58.  Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:  Intangibles and intellectual property

**59.  Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.  Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| **61.  Internet domain names and websites** | $ | | $ |
| **62.  Licenses, franchises, and royalties** | $ | | $ |
| **63.  Customer lists, mailing lists, or other compilations** | $ | | $ |
| **64.  Other intangibles, or intellectual property** | $ | | $ |
| **65.  Goodwill** | $ | | $ |

**66.  Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$       0.00

Debtor   RLSV, Inc.                                    Case number (if known)  24-02488
           Name

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 11:   All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

71. **Notes receivable**

Description (include name of obligor)

| None | — | = → | $ | 0.00 |
|---|---|---|---|---|
|  | Total Face Amount | Doubtful or uncollectible Amount |  |  |

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

| Debtor estimates that, as of the petition date, it had approximately $12,291 of tax refunds. | Tax Year | Various | $ | Undetermined |
|---|---|---|---|---|
|  | Tax Year |  | $ |  |
|  | Tax Year |  | $ |  |

73. **Interests in insurance policies or annuities**

| See Attached Rider | $ | Undetermined |
|---|---|---|

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

| None | $ | 0.00 |
|---|---|---|

**Nature of Claim**

**Amount Requested** $

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

| None | $ | 0.00 |
|---|---|---|

**Nature of Claim**

**Amount Requested** $

76. **Trusts, equitable or future interests in property**

| None | $ | 0.00 |
|---|---|---|

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

| Intercompany Receivable to the benefit of RLSV, Inc. from Red Lobster Management LLC | $ | 82,852,382.34 |
|---|---|---|
|  | $ |  |

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| $ | 82,852,382.34* |
|---|---|

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

**\*Plus Undetermined Amounts**

Debtor   RLSV, Inc.                                                          Case number (If known)   24-02488
         Name

## Part 12:   Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of Property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 3,990,011.21 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* .............................................. → | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 82,852,382.34* | |
| 91. **Total.** Add lines 80 through 90 for each column.............................91a. | $ 86,842,393.55* | + 91b. $0.00 |

92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92................................................................................................   $   86,842,393.55*

**\*Plus Undetermined Amounts**

Debtor Name:  RLSV, Inc.                                                                                                    Case Number:  24-02488

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| ACE AMERICAN INSURANCE COMPANY | PROPERTY | CX D95041413 001 | Undetermined |
| ALLIED WORLD INSURANCE COMPANY | FIRST EXCESS CYBER | 0311-5731 | Undetermined |
| AMERICAN INTERNATIONAL REINSURANCE COMPANY, LTD. | FIRST EXCESS EMPLOYMENT PRACTICES | 16153196 | Undetermined |
| ARCH INSURANCE COMPANY | ARCH ESSENTIAL EXCESS POLICY | ABX1000391-00 | Undetermined |
| AXA XL | EXCESS DIRECTORS AND OFFICERS LIABILITY | ELU 196981-24 | Undetermined |
| AXA XL | EXCESS DIRECTORS AND OFFICERS LIABILITY - RUN OFF POLICY | ELU 196981-24 | Undetermined |
| AXIS EXCESS INSURANCE | SECOND EXCESS CYBER | P-001-001294526-01 | Undetermined |
| AXIS INSURANCE COMPANY | SECOND EXCESS DIRECTORS AND OFFICERS LIABILITY | P-001-000411104-03 | Undetermined |
| COLUMBIA CASUALTY COMPANY | CYBER | 596488025 | Undetermined |
| COLUMBIA CASUALTY COMPANY | PROPERTY | RMP 7035039490 | Undetermined |
| ENDURANCE ASSURANCE CORPORATION | DIRECTORS AND OFFICERS DIFFERENCE IN CONDITIONS LIABILITY | ADL30052880900 | Undetermined |
| EVEREST INDEMNITY INSURANCE COMPANY | PROPERTY | RP5P000227-231 | Undetermined |
| EVEREST NATIONAL INSURANCE COMPANY | DIRECTORS AND OFFICERS LIABILITY | PC5EX00582-221 | Undetermined |
| FEDERAL INSURANCE COMPANY | EMPLOYED LAWYERS LIABILITY & CRIME | 8255-3603 | Undetermined |
| FIREMAN'S FUND INSURANCE COMPANY | LAYERED EXCESS LIABILITY | USL026022232 | Undetermined |
| FLORIDA BLUE | STOP LOSS INSURANCE | BCFL1073 | Undetermined |
| HARTFORD FIRE INSURANCE COMPANY | BUSINESS TRAVEL ACCIDENT | 10-GTA-101873 | Undetermined |
| LLOYD'S OF LONDON | TERRORISM AND SABOTAGE INSURANCE | B0509BOWTN2350802 | Undetermined |
| LLOYD'S UNDERWRITER SYNDICATE 1 - KLN 510 | PROPERTY | B0509BOWPN2352678 | Undetermined |
| MARKEL BERMUDA LIMITED | PRIMARY EMPLOYMENT PRACTICES LIABILITY INSURANCE | MKLB25GPL0005043 | Undetermined |
| PALMS INSURANCE COMPANY, LIMITED | PROPERTY | 23-PQP-0009 | Undetermined |
| QBE | EXCESS DIRECTORS AND OFFICERS LIABILITY | 130007168 | Undetermined |
| QBE | EXCESS DIRECTORS AND OFFICERS LIABILITY – RUN OFF POLICY | 130007168 | Undetermined |

Debtor Name:  RLSV, Inc.                                                     Case Number:  24-02488

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| STARSTONE SPECIALTY INSURANCE COMPANY | PROPERTY | U87784230CSP | Undetermined |
| SWISS RE CORPORATE SOLUTIONS ELITE INSURANCE CORPORATION | PROPERTY | NAP 2005752-00 | Undetermined |
| THE OHIO CASUALTY INSURANCE COMPANY | SECOND EXCESS LIABILITY | ECO(23) 59038503 | Undetermined |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | THIRD EXCESS LIABILITY | EX-1W48163A-22-NF | Undetermined |
| WESTCHESTER FIRE INSURANCE COMPANY | MANAGEMENT LIABILITY | G71828128 003 | Undetermined |
| ZURICH AMERICAN INSURANCE COMPANY | COMMERCIAL AUTO | BAP 0176235 | Undetermined |
| ZURICH AMERICAN INSURANCE COMPANY | COMMERCIAL GENERAL LIABILITY | GLO 0378588-03 | Undetermined |
| ZURICH AMERICAN INSURANCE COMPANY | FOREIGN CASUALTY | ZE 3320827-09 | Undetermined |
| ZURICH AMERICAN INSURANCE COMPANY | GENERAL LIABILITY | GLO 0176236 | Undetermined |
| ZURICH AMERICAN INSURANCE COMPANY | UMBRELLA LIABILITY | AUC 281999-03** | Undetermined |
| ZURICH AMERICAN INSURANCE COMPANY | WORKER'S COMPENSATION | WC 0176233 | Undetermined |
| ZURICH AMERICAN INSURANCE COMPANY | WORKER'S COMPENSATION (RETRO) | WC 0176234 | Undetermined |
| ZURICH CANADA | COMMERCIAL AUTO | AC 9801814 | Undetermined |
| ZURICH CANADA | PROPERTY | 8843326 | Undetermined |
| ZURICH NORTH AMERICA | PROPERTY | PPR 0176332-09 | Undetermined |
| | | **TOTAL** | $0.00<br>+ Undetermined Amounts |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case</strong></td></tr>
</table>

Debtor name     RLSV, Inc.

United States Bankruptcy Court for the:    Middle District of Florida, Orlando Division

Case number (If known):     24-02488

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

---

**Part 1:**    List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.1**

**Creditor's name**
FORTRESS CREDIT CORP.

**Describe debtor's property that is subject to a lien**
Substantially All Assets Of The Debtor

$ _____ Undetermined    $ _____ Undetermined

**Creditor's mailing address**
ATTENTION: CONSTANTINE DAKOLIAS
1345 AVENUE OF THE AMERICAS
46TH FLOOR
NEW YORK, NY 10105

**Describe the lien**
Guarantor to the Prepetition Term Loan Credit Agreement dated January 22, 2021

**Creditor's email address, if known**
DEAN@FORTRESS.COM

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**    Undetermined

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Last 4 digits of account number**    N/A

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

**2.2**

**Creditor's name**
WELLS FARGO BANK, NATIONAL ASSOCIATION

**Describe debtor's property that is subject to a lien**
Substantially All Assets Of The Debtor

$ _____ Undetermined    $ _____ Undetermined

**Creditor's mailing address**
ATTENTION BRYAN WEI
1800 CENTURY PARK EAST
SUITE 1100
LOS ANGELES, CA 90067

**Describe the lien**
Guarantor to the ABL Facility

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**    Undetermined

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Last 4 digits of account number**    N/A

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

    ☑ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**     $ _____

---

Debtor   RLSV, Inc.
_____
Name

Case number (If known):   24-02488
_____

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |

**Fill in this information to identify the case:**

Debtor     RLSV, Inc.

United States Bankruptcy Court for the:     Middle District of Florida, Orlando Division

Case number     24-02488
(If known)

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B)* and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

---

### Part 1: List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.
☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | **Total claim** | **Priority amount** |
|---|---|---|---|

**2.1** Priority creditor's name and mailing address

As of the petition filing date, the claim is:    $ _____    $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

**Is the claim subject to offset?**
☐ No
☐ Yes

**2.2** Priority creditor's name and mailing address

As of the petition filing date, the claim is:    $ _____    $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

**Is the claim subject to offset?**
☐ No
☐ Yes

**2.3** Priority creditor's name and mailing address

As of the petition filing date, the claim is:    $ _____    $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

**Is the claim subject to offset?**
☐ No
☐ Yes

---

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | **Amount of claim** |
|---|---|---|

**3.1**

**Nonpriority creditor's name and mailing address**
BLACKHAWK ENGAGEMENT SOLUTIONS
PO BOX 9594
POSTAL STATION M
CALGARY, ON T2P 5L8
CANADA

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Trade Payable

**Date or dates debt was incurred**    Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$ 325.63

---

**3.2**

**Nonpriority creditor's name and mailing address**
BLACKHAWK NETWORK CANADA LTD
3280 BLOOR STREET WEST
CENTRE TOWER 14TH FLOOR
SUITE 1420
TORONTO, ON M8X 2X3
CANADA

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Trade Payable

**Date or dates debt was incurred**    Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$ 1,688.77

---

**3.3**

**Nonpriority creditor's name and mailing address**
BLACKHAWK NETWORK INC
C/O WACHOVIA BANK
PO BOX 932859
ATLANTA, GA 31193-2859

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Trade Payable

**Date or dates debt was incurred**    Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$ 35,764.03

---

**3.4**

**Nonpriority creditor's name and mailing address**
INTERACTIVE COMMUNICATIONS INTERNATIONAL INC
DBA INCOMM
PO BOX 935359
ATLANTA, GA 311935359

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Trade Payable

**Date or dates debt was incurred**    Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$ 19,947.21

---

**3.5**

**Nonpriority creditor's name and mailing address**
TAYLOR CORPORATION
DBA TRAVEL TAGS INC
CARD FULFILLMENT SERVICES
PO BOX 1450
MINNEAPOLIS, MN 55485-1450

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Trade Payable

**Date or dates debt was incurred**    Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$ 27,392.32

---

**3.6**

**Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

$

Debtor    RLSV, Inc.
_____    Case number (If known):   24-02488
          Name

---

| Part 3: | List Others to Be Notified About Unsecured Claims |

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.  Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | | Line _____  ☐ Not listed.  Explain | |
| 4.2 | | Line _____  ☐ Not listed.  Explain | |
| 4.3 | | Line _____  ☐ Not listed.  Explain | |
| 4.4 | | Line _____  ☐ Not listed.  Explain | |
| 4.5 | | Line _____  ☐ Not listed.  Explain | |
| 4.6 | | Line _____  ☐ Not listed.  Explain | |
| 4.7 | | Line _____  ☐ Not listed.  Explain | |
| 4.8 | | Line _____  ☐ Not listed.  Explain | |
| 4.9 | | Line _____  ☐ Not listed.  Explain | |

---

Debtor    RLSV, Inc.                                                    Case number (if known)    24-02488
          Name

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---------|--------------------------------------------------------------|

**5.**   **Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | Total of claim amounts |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $    0.00 |
| 5b. | **Total claims from Part 2** | 5b. **+** | $    85,117.96 |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $    85,117.96 |

Official Form 206E/F          Schedule E/F: Creditors Who Have Unsecured Claims          Page 4 of 4

**Fill in this information to identify the case:**

Debtor name        RLSV, Inc.

United States Bankruptcy Court for the:   Middle District of Florida, Orlando Division

Case number (If known):      24-02488

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

**2. List all contracts and unexpired leases**

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| | | | |
|---|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | MERCHANT AGREEMENT DATED 01/22/2018 | BLACKHAWK ENGAGEMENT SOLUTIONS<br>700 STATE HIGHWAY 121 BYPASS SUITE 200<br>LEWISVILLE, TX 75067 |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | AMENDMENT NO. 4 TO THE CUSTOMER AGREEMENT DATED 07/28/2021 | FIRST DATA RESOURCES, LLC<br>6855 Pacific Street<br>Omaha, NE 68106 |
| 2.3 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | AMENDMENT NO. 3 TO THE CUSTOMER AGREEMENT DATED 07/16/2021 | FIRST DATA RESOURCES, LLC<br>6855 Pacific Street<br>Omaha, NE 68106 |
| 2.4 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | AMENDMENT NO. 5 TO THE CUSTOMER AGREEMENT DATED 07/28/2021 | FIRST DATA RESOURCES, LLC<br>6855 Pacific Street<br>Omaha, NE 68106 |
| 2.5 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | CUSTOMER AGREEMENT DATED 07/28/2014 | FISERV (GIFT CARDS US & CANADA)<br>ATTN: VICE PRESIDENT OPERATIONS<br>2900 WESTSIDE PARKWAY<br>ALPHARETTA, GA 30004 |

| Debtor | RLSV, Inc. | Case number (If known): 24-02488 |
|---|---|---|
| | Name | |

 **Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.6 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | CUSTOMER AGREEMENT DATED 10/13/2014 | FISERV CN (CREDIT CARDS)<br>ATTN: VICE PRESIDENT OPERATIONS<br>2900 WESTSIDE PARKWAY<br>ALPHARETTA, GA 30004 |
| 2.7 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | PRODUCT PROVIDER MASTER AGREEMENT DATED 07/28/2014 | INCOMM<br>250 WILLIAMS ST, 5TH FLOOR, SUITE 5-2002<br>ATLANTA, GA 30303 |
| 2.8 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | GIFT CARD PROGRAM AGREEMENT DATED 07/28/2014 | RED LOBSTER  KANSAS LLC<br>450 S ORANGE AVENUE<br>SUITE 800<br>ORLANDO, FL 32801 |
| 2.9 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | GIFT CARD PROGRAM AGREEMENT DATED 07/28/2014 | RED LOBSTER HOSPITALITY LLC<br>450 S ORANGE AVENUE<br>SUITE 800<br>ORLANDO, FL 32801 |
| 2.10 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | ROYALTY AND LICENSING AGREEMENT DATED 07/28/2014 | RED LOBSTER HOSPITALITY LLC<br>450 S ORANGE AVENUE<br>SUITE 800<br>ORLANDO, FL 32801 |
| 2.11 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | ADMINISTRATIVE SUPPORT AGREEMENT DATED 07/28/2014 | RED LOBSTER MANAGEMENT LLC<br>450 S ORANGE AVENUE<br>SUITE 800<br>ORLANDO, FL 32801 |
| 2.12 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | EMPLOYEE MANAGEMENT AND SERVICES AGREEMENT DATED 07/28/2014 | RED LOBSTER MANAGEMENT LLC<br>450 S ORANGE AVENUE<br>SUITE 800<br>ORLANDO, FL 32801 |

Debtor   RLSV, Inc.
Name

Case number (If known):   24-02488

**Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.13 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | GIFT CARD PROGRAM AGREEMENT DATED 07/28/2014 | RED LOBSTER RESTAURANTS LLC<br>450 S ORANGE AVENUE<br>SUITE 800<br>ORLANDO, FL 32801 |
| 2.14 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | AMENDMENT I TO CUSTOMER AGREEMENT DATED 10/20/2014 | TRANSACTION  WIRELESS, INC.<br>10180 TELESIS COURT<br>SUITE 240<br>SAN DIEGO, CA 92121 |
| 2.15 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | CUSTOMER AGREEMENT DATED 08/26/2014 | TRANSACTION WIRELESS<br>10180 TELESIS COURT, SUITE 240<br>SAN DIEGO, CA 92121 |
| 2.16 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | AMENDMENT NO. 2 TO THE CUSTOMER AGREEMENT DATED 11/06/2015 | TRANSACTION WIRELESS, INC.<br>10180 TELESIS COURT<br>SUITE 240<br>SAN DIEGO, CA 92121 |
| 2.17 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | MASTER AGREEMENT DATED 04/11/2022 | TRAVEL TAGS (TAYLOR CORP)<br>1725 ROECREST DRIVE<br>NORTH MANKATO, MN 56003 |
| | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | | |
| | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | | |

**Fill in this information to identify the case:**

Debtor name     RLSV, Inc.

United States Bankruptcy Court for the:     Middle District of Florida, Orlando Division

Case number (If known):     24-02488

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Codebtors
12/15

**Be as complete and accurate as possible.   If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the additional Page to this page.**

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.1 Red Lobster Canada, Inc. | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | FORTRESS CREDIT CORP. | ☑ D<br>☐ E/F<br>☐ G |
| 2.2 Red Lobster Canada, Inc. | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | WELLS FARGO BANK, NATIONAL ASSOCIATION | ☑ D<br>☐ E/F<br>☐ G |
| 2.3 Red Lobster Hospitality LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | FORTRESS CREDIT CORP. | ☑ D<br>☐ E/F<br>☐ G |
| 2.4 Red Lobster Hospitality LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | WELLS FARGO BANK, NATIONAL ASSOCIATION | ☑ D<br>☐ E/F<br>☐ G |
| 2.5 Red Lobster Intermediate Holdings LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | FORTRESS CREDIT CORP. | ☑ D<br>☐ E/F<br>☐ G |
| 2.6 Red Lobster Intermediate Holdings LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | WELLS FARGO BANK, NATIONAL ASSOCIATION | ☑ D<br>☐ E/F<br>☐ G |

| Debtor | RLSV, Inc. | | Case number (If known): | 24-02488 |
| | Name | | | |

| **Additional Page if Debtor Has More Codebtors** |
| --- |
| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. |

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
| --- | --- | --- | --- | --- |
| | **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.7 | Red Lobster Management LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | FORTRESS CREDIT CORP. | ☑ D ☐ E/F ☐ G |
| 2.8 | Red Lobster Management LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | WELLS FARGO BANK, NATIONAL ASSOCIATION | ☑ D ☐ E/F ☐ G |
| 2.9 | Red Lobster Of Bel Air, Inc. | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | FORTRESS CREDIT CORP. | ☑ D ☐ E/F ☐ G |
| 2.10 | Red Lobster Of Bel Air, Inc. | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | WELLS FARGO BANK, NATIONAL ASSOCIATION | ☑ D ☐ E/F ☐ G |
| 2.11 | Red Lobster Of Texas, Inc. | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | FORTRESS CREDIT CORP. | ☑ D ☐ E/F ☐ G |
| 2.12 | Red Lobster Of Texas, Inc. | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | WELLS FARGO BANK, NATIONAL ASSOCIATION | ☑ D ☐ E/F ☐ G |
| 2.13 | Red Lobster Restaurants LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | FORTRESS CREDIT CORP. | ☑ D ☐ E/F ☐ G |
| 2.14 | Red Lobster Restaurants LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | WELLS FARGO BANK, NATIONAL ASSOCIATION | ☑ D ☐ E/F ☐ G |

Debtor   RLSV, Inc.

Name

Case number (If known):   24-02488

**Additional Page if Debtor Has More Codebtors**

*Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.*

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.15 | Red Lobster Sourcing LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | FORTRESS CREDIT CORP. | ☑ D ☐ E/F ☐ G |
| 2.16 | Red Lobster Sourcing LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | WELLS FARGO BANK, NATIONAL ASSOCIATION | ☑ D ☐ E/F ☐ G |
| 2.17 | Red Lobster Supply LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | FORTRESS CREDIT CORP. | ☑ D ☐ E/F ☐ G |
| 2.18 | Red Lobster Supply LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | WELLS FARGO BANK, NATIONAL ASSOCIATION | ☑ D ☐ E/F ☐ G |
| 2.19 | RL Columbia LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | FORTRESS CREDIT CORP. | ☑ D ☐ E/F ☐ G |
| 2.20 | RL Columbia LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | WELLS FARGO BANK, NATIONAL ASSOCIATION | ☑ D ☐ E/F ☐ G |
| 2.21 | RL Kansas LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | FORTRESS CREDIT CORP. | ☑ D ☐ E/F ☐ G |
| 2.22 | RL Kansas LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | WELLS FARGO BANK, NATIONAL ASSOCIATION | ☑ D ☐ E/F ☐ G |

| Debtor | RLSV, Inc. | | Case number (If known): | 24-02488 |
|---|---|---|---|---|
| | Name | | | |

### Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.23 | RL Maryland, Inc. | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | FORTRESS CREDIT CORP. | ☑ D ☐ E/F ☐ G |
| 2.24 | RL Maryland, Inc. | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | WELLS FARGO BANK, NATIONAL ASSOCIATION | ☑ D ☐ E/F ☐ G |
| 2.25 | RL Of Frederick, Inc. | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | FORTRESS CREDIT CORP. | ☑ D ☐ E/F ☐ G |
| 2.26 | RL Of Frederick, Inc. | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | WELLS FARGO BANK, NATIONAL ASSOCIATION | ☑ D ☐ E/F ☐ G |
| 2.27 | RL Salisbury, LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | FORTRESS CREDIT CORP. | ☑ D ☐ E/F ☐ G |
| 2.28 | RL Salisbury, LLC | 450 SOUTH ORANGE AVENUE SUITE 800 ORLANDO, FL 32801 | WELLS FARGO BANK, NATIONAL ASSOCIATION | ☑ D ☐ E/F ☐ G |
| 2.29 | Thai Union Group Public Company Limited | ATTENTION: LUDOVIC GARNIER 72/1 MOO 7, SETHAKIT 1 ROAD, TARSRAI SUB-DISTRICT, MUEANG SAMUT SAKHON SAMUT SAKHON, 74000 THAILAND | FORTRESS CREDIT CORP. | ☑ D ☐ E/F ☐ G |
| 2.30 | Thai Union North America, Inc. | 2150 E. GRAND AVENUE EL SEGUNDO, CA 90245 | FORTRESS CREDIT CORP. | ☑ D ☐ E/F ☐ G |

Debtor   RLSV, Inc.
         Name

Case number (If known):   24-02488

**Additional Page if Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.31 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.32 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.33 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.34 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.35 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.36 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.37 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.38 | | | | ☐ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case and this filing:**

Debtor name  RLSV, Inc.

United States Bankruptcy Court for the:  Middle District of Florida, Orlando Division

Case number (If known)  24-02488

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑  *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑  *Schedule H: Codebtors* (Official Form 206H)

☑  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended Schedule _____

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders*  (Official Form 204)

☐  Other document that requires a declaration  _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/20/2024          **X** /s/ Nicholas Haughey
_____
MM / DD / YYYY                   Signature of individual signing on behalf of debtor


Nicholas Haughey
_____
Printed name

Chief Restructuring Officer
_____
Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name  RLSV, Inc.

United States Bankruptcy Court for the:   Middle District of Florida, Orlando Division

Case number (If known)  24-02488

☐ Check if this is an amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:   Income

1. **Gross revenue from business**

   ☐ None

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
   |---|---|---|---|
   | **From the beginning of the fiscal year to filing date:** | From 06/01/2023 to 04/30/2024 MM/DD/YYYY | ☑ Operating a business ☐ Other _____ | $    14,209,954.36 |
   | **For prior year:** | From 06/01/2022 to 05/31/2023 MM/DD/YYYY   MM/DD/YYYY | ☑ Operating a business ☐ Other _____ | $    18,518,191.00 |
   | **For the year before that:** | From 06/01/2021 to 05/31/2022 MM/DD/YYYY   MM/DD/YYYY | ☑ Operating a business ☐ Other _____ | $    25,299,865.49 |

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☑ None

   | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
   |---|---|---|---|
   | **From the beginning of the fiscal year to filing date:** | From _____ to _____ MM/DD/YYYY | _____ | $ _____ |
   | **For prior year:** | From _____ to _____ MM/DD/YYYY   MM/DD/YYYY | _____ | $ _____ |
   | **For the year before that:** | From _____ to _____ MM/DD/YYYY   MM/DD/YYYY | _____ | $ _____ |

Debtor   RLSV, Inc. _____   Case number (If known)   24-02488
 Name

## Part 2:   List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**

   List payments or transfers including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7, 575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|---|
| 3.1 | _____ Street _____ City  State  Zip Code | _____ | $ _____ | ☐ Secured debt ☐ Unsecured loan repayments ☐ Suppliers or vendors ☐ Services ☐ Other _____ |
| 3.2 | _____ Street _____ City  State  Zip Code | | $ _____ | ☐ Secured debt ☐ Unsecured loan repayments ☐ Suppliers or vendors ☐ Services ☐ Other _____ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7, 575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None   **See Attached Rider**

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1 | _____ Street _____ City  State  Zip Code | _____ | $ _____ | _____ _____ |
| | **Relationship to debtor** _____ | | | |
| 4.2 | _____ Street _____ City  State  Zip Code | _____ | $ _____ | _____ _____ |
| | **Relationship to debtor** _____ | | | |

Debtor    RLSV, Inc. _____    Case number (If known)    24-02488
                Name

---

5. **Repossessions, foreclosures, and returns**

   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ☑ None

   | Creditor's name and address | Description of the property | Date | Value of property |
   |---|---|---|---|
   | 5.1 _____ <br> Street _____ <br> City    State    Zip Code | _____ <br> _____ | _____ | $ _____ |
   | 5.2 _____ <br> Street _____ <br> City    State    Zip Code | _____ <br> _____ | _____ | $ _____ |

6. **Setoffs**

   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ☑ None

   | Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
   |---|---|---|---|
   | _____ <br> Street _____ <br> City    State    Zip Code | _____ <br> _____ | _____ | $ _____ |

   Last 4 digits of account number: XXXX - _____

---

## Part 3:    Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

   ☑ None

   | Case title | Nature of case | Court or agency's name and address | Status of case |
   |---|---|---|---|
   | 7.1 _____ <br> **Case number** | _____ | _____ <br> Street _____ <br> City    State    Zip Code | ☐ Pending <br> ☐ On appeal <br> ☐ Concluded |
   | 7.2 _____ <br> **Case number** | _____ | _____ <br> Street _____ <br> City    State    Zip Code | ☐ Pending <br> ☐ On appeal <br> ☐ Concluded |

---

Official Form 207    **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**    Page **3**

Debtor    RLSV, Inc.                                                                          Case number (If known)    24-02488
               Name

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| _____ | _____ | $ _____ |
| Street | **Case title** | **Court name and address** |
| _____ | _____ | |
| City        State        Zip Code | **Case number** | |
| | _____ | |
| | **Date of order or assignment** | |
| | _____ | |

## Part 4:   Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 _____ | _____ | _____ | $ _____ |
| Street _____ | _____ | | |
| City        State        Zip Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |
| 9.2 _____ | _____ | _____ | $ _____ |
| Street _____ | _____ | | |
| City        State        Zip Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |

## Part 5:   Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss. If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| _____ _____ | _____ | _____ | $ _____ |

Debtor    RLSV, Inc.                                                              Case number (If known)    24-02488
            Name

## Part 6:    Certain Payments or Transfers

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 _____ | _____ | _____ | $ _____ |

**Address**

_____
Street
_____
City          State          Zip Code

**Email or website address**

_____

**Who made the payment, if not debtor?**

_____

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.2 _____ | _____ | _____ | $ _____ |

**Address**

_____
Street
_____
City          State          Zip Code

**Email or website address**

_____

**Who made the payment, if not debtor?**

_____

12. **Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | _____ | _____ | $ _____ |

**Trustee**

Debtor    RLSV, Inc.
_____
           Name

Case number (If known)   24-02488
_____

---

13.  **Transfers not already listed on this statement**

List any transfers of money or other property-by sale, trade, or any other means-made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 _____ | _____ | _____ | $ _____ |

**Address**

_____
Street

_____

_____
City          State          Zip Code

**Relationship to debtor**

_____

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.2 _____ | _____ | _____ | $ _____ |

**Address**

_____
Street

_____

_____
City          State          Zip Code

**Relationship to debtor**

_____

---

## Part 7:  Previous Locations

14.  **Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of Occupancy |
|---|---|
| 14.1 _____<br>Street<br>_____<br>City          State          Zip Code | From _____   To _____ |
| 14.2 _____<br>Street<br>_____<br>City          State          Zip Code | From _____   To _____ |

---

Debtor    RLSV, Inc.                                          Case number (If known)    24-02488
          Name

## Part 8: Health Care Bankruptcies

15. **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| **Facility name and address** | **Nature of the business operation, including type of services the debtor provides** | **If debtor provides meals and housing, number of patients in debtor's care** |
|---|---|---|

15.1 _____    _____    _____
     _____
     Street
     _____

| City          State      Zip Code | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
|---|---|---|

_____

_____

*Check all that apply:*

☐ Electronically

☐ Paper

| **Facility name and address** | **Nature of the business operation, including type of services the debtor provides** | **If debtor provides meals and housing, number of patients in debtor's care** |
|---|---|---|

15.2 _____    _____    _____
     _____
     Street
     _____

| City          State      Zip Code | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
|---|---|---|

_____

_____

*Check all that apply:*

☐ Electronically

☐ Paper

## Part 9: Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained.

See Debtor's website for a full list of information collected (https://redlobster.com/privacy-policy/).

   Does the debtor have a privacy policy about that information?

   ☐ No

   ☑ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

   ☐ No. Go to Part 10.

   ☐ Yes. Fill in below

| **Name of plan** | **Employer identification number of the plan** |
|---|---|
| _____ | EIN: _____ |

   Has the plan been terminated?

   ☐ No

   ☐ Yes

Debtor  RLSV, Inc. _____   Case number (If known)  24-02488 _____
Name

## Part 10:  Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, old, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 _____ Street _____ City  State  Zip Code | XXXX- _____ | ☐ Checking ☐ Savings ☐ Money Market ☐ Brokerage ☐ Other _____ | _____ | $ _____ |
| 18.2 _____ Street _____ City  State  Zip Code | XXXX- _____ | ☐ Checking ☐ Savings ☐ Money Market ☐ Brokerage ☐ Other _____ | _____ | $ _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ Street _____ City  State  Zip Code | _____ _____ **Address** _____ _____ | _____ _____ | ☐ No ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ Street _____ City  State  Zip Code | _____ _____ **Address** _____ _____ | _____ _____ | ☐ No ☐ Yes |

Debtor   RLSV, Inc.
      Name

Case number (If known)   24-02488

---

## Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $ |
| Street | | | |
| City          State          Zip Code | | | |

---

## Part 12:   Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| **Case Number** | Street | | ☐ On appeal |
| | City          State          Zip Code | | ☐ Concluded |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |
| Street | Street | | |
| City          State          Zip Code | City          State          Zip Code | | |

---

Debtor   RLSV, Inc.

Name

Case number (If known)   24-02488

---

24.  **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Street | Street | | |
| _____ | _____ | | |
| City          State          Zip Code | City          State          Zip Code | | |

---

**Part 13:   Details About the Debtor's Business or Connections to Any Business**

25.  **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 _____ | _____ | EIN: _____ |
| Street | _____ | |
| _____ | | **Dates business existed** |
| City          State          Zip Code | | From _____  To _____ |

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.2 _____ | _____ | EIN: _____ |
| Street | _____ | **Dates business existed** |
| _____ | | From _____  To _____ |
| City          State          Zip Code | | |

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.3 _____ | _____ | EIN: _____ |
| Street | _____ | **Dates business existed** |
| _____ | | From _____  To _____ |
| City          State          Zip Code | | |

---

Debtor    RLSV, Inc.
Name

Case number (If known)   24-02488

---

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None    **See Attached Rider**

| Name and address | Dates of service |
|---|---|
| 26a.1 _____<br>Street _____<br>City _____ State _____ Zip Code | From _____ To _____ |
| 26a.2 _____<br>Street _____<br>City _____ State _____ Zip Code | From _____ To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1 PRICEWATERHOUSE COOPERS LLP<br>ATTN: TRACY JUNGER<br>4040 W BOY SCOUT BLVD<br>TAMPA, FL 33607 | From 05/20/2022 To Present |
| 26b.2 | From _____ To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | if any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 PEREIRA,MEERA<br>450 SOUTH ORANGE AVENUE<br>SUITE 800<br>ORLANDO, FL 32801 | _____<br>_____ |

---

Debtor    RLSV, Inc.
          _____    Case number (If known)    24-02488
          Name

| Name and address | if any books of account and records are unavailable, explain why |
|---|---|
| 26c.2  MEDLEY, STEPHANIE<br>450 SOUTH ORANGE AVENUE<br>SUITE 800<br>ORLANDO, FL 32801 | _____<br>_____ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None    **See Attached Rider**

| Name and address |
|---|
| 26d.1 _____<br>_____<br>Street<br>_____<br>City            State            Zip Code |

| Name and address |
|---|
| 26d.2 _____<br>_____<br>Street<br>_____<br>City            State            Zip Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $ _____ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1 _____<br>_____<br>Street<br>_____<br>City            State            Zip Code |

Debtor   RLSV, Inc.
_____   Case number (If known)   24-02488
Name

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ _____ |

**Name and address of the person who has possession of inventory records**

27.2  _____

_____
Street

_____
City                          State                          Zip Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **See Attached Rider** | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held | |
|---|---|---|---|---|
| | | | From | To |
| | | | From | To |
| | | | From | To |
| | | | From | To |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1  **See Response to SOFA 4** | | | |

_____
Street

_____
City                          State                          Zip Code

**Relationship to debtor**

Debtor  RLSV, Inc. _____  Case number (If known)  24-02488
Name

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.2 | _____ | _____ | _____ | _____ |
| | _____ | | | _____ |
| | Street | | | |
| | City        State        Zip Code | | | |
| | **Relationship to debtor** | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | EIN: |
| _____ | _____ |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: |
| _____ | _____ |

## Part 14:  Signature and Declaration

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____06/20/2024____
        MM / DD / YYYY

**X** /s/ Nicholas Haughey _____       Printed name  Nicholas Haughey _____
Signature of individual signing on behalf of the debtor

Position or relationship to debtor    Chief Restructuring Officer _____

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No

☑ Yes

**Debtor Name: RLSV, Inc.**    SOFA Question 4: Payments or other transfers of property made within 1 year before filing    **Case Number: 24-02488**

Net Annual Activity

| Debtor | Description | Trading Partner | Period | Beginning Balance | Ending Balance | Net Annual Activity Receivable / (Payable) |
|---|---|---|---|---|---|---|
| RLSV, Inc. | Intercompany receivable from | Red Lobster Management LLC | 4/30/2023 - 4/28/2024 | $    79,724,777.34 | $    82,852,382.34 | $    3,127,605.00 |

Debtor Name: RLSV, Inc.        Case Number: 24-02488

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26a:** List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

| Name and Address | From | To |
|---|---|---|
| SCHMIDT,DAVID<br>450 SOUTH ORANGE AVENUE<br>SUITE 800<br>ORLANDO, FL 32801 | 05/20/2022 | 09/09/2022 |
| CAPUTO,ADELE TAYLOR<br>450 SOUTH ORANGE AVENUE<br>SUITE 800<br>ORLANDO, FL 32801 | 05/20/2022 | 09/16/2022 |
| MCCLAIN,PHILIP B<br>450 SOUTH ORANGE AVENUE<br>SUITE 800<br>ORLANDO, FL 32801 | 05/20/2022 | 12/15/2023 |
| PEREIRA,MEERA<br>450 SOUTH ORANGE AVENUE<br>SUITE 800<br>ORLANDO, FL 32801 | 05/20/2022 | Present |
| MEDLEY, STEPHANIE<br>450 SOUTH ORANGE AVENUE<br>SUITE 800<br>ORLANDO, FL 32801 | 02/05/2024 | Present |

Debtor Name:  RLSV, Inc.                                                                                      Case Number:  24-02488

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issues a financial statement within 2 years before filing this case.

| Name and Address |
| --- |

The Debtors have historically provided financial statements to various interested parties over the past two years, including, but not limited to, insurance carriers, lenders and financial institutions, landlords, material vendors, advisors and others. The Debtors do not maintain records of the parties who have requested or obtained copies.

Debtor Name:  RLSV, Inc.                                                                                    Case Number:  24-02488

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 28:** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position | % Interest |
|---|---|---|---|
| RED LOBSTER MANAGEMENT LLC | 450 S ORANGE AVE STE 800 ORLANDO, FL 32801-3344 | Shareholder | 100 |
| HIRSH, LAWRENCE R | 450 S ORANGE AVE STE 800 ORLANDO, FL 32801-3344 | Independent Director | |
| TIBUS, JONATHAN | 450 S ORANGE AVE STE 800 ORLANDO, FL 32801-3344 | Chief Executive Officer | |
| HAUGHEY, NICHOLAS | 450 S ORANGE AVE STE 800 ORLANDO, FL 32801-3344 | Chief Restructuring Officer | |
| MEDLEY, STEPHANIE B | 450 S ORANGE AVE STE 800 ORLANDO, FL 32801-3344 | Chief Financial Officer | |
| PEREIRA, MEERA | 450 S ORANGE AVE STE 800 ORLANDO, FL 32801-3344 | Executive Vice President and Treasurer | |