UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                                Chapter 11 Case

RLSV, INC.,[1]                                                    Case No. 6:24-bk-02486-GER

      Wind-Down Debtor.
_____/

### MOTION BY REORGANIZED DEBTORS AND PLAN ADMINISTRATOR TO ENFORCE DISCHARGE, INJUNCTION AND RELATED PROVISIONS IN CONFIRMED CHAPTER 11 PLAN
**(Expedited Hearing Requested for March 11, 2024 at 3:00 pm)[2]**

### Basis for Requested Expedited Hearing

The Reorganized Debtors and Plan Administrator respectfully request that the Court conduct an expedited hearing on this Motion, so that the Debtor Defendants (defined below) can timely alert the New York state court of this Court's decision as to staying a state court proceeding that is scheduled for pretrial conference on March 20, 2025.

      The Reorganized Debtors (excluding Red Lobster Management LLC)[3] and Mark Smith, in his capacity as Plan Administrator (the "Plan Administrator") for the above-captioned Debtor and affilated Debtors, by and through their respesctive undersigned counsel, file this motion on an expedited basis (the "Motion"), pursuant to the Debtors' *Second Amended Joint Chapter 11 Plan for Red Lobster Management LLC and Its Debtor Affiliates* as of September 4, 2024 (the "Plan") [ECF No. 1124])[4] and the *Findings of Fact, Conclusions of Law, and Order (I) Approving the*

---

[1] The last four digits of RLSV, Inc.'s federal tax identification are 6180, and its mailing address is 450 S. Orange Avenue, Suite 800, Orlando, FL 32801. The Chapter 11 cases of affiliates of RLSV, Inc. (collectively, the "Debtor Affiliates," with RLSV, Inc., the "Debtors") were closed effective as of December 27, 2024. *See* Case No. 6:24-bk- 02486-GER at ECF No. 1549.

[2] The Court has already scheduled hearings on other matters for this bankruptcy case on March 11, 2025 at 3:00 pm.

[3] As that term is defined in the Plan (defined below).

[4] All references to ECF numbers are to Case No. 24-02486.

*Adequacy of the Disclosure Statement on a Final Basis, (II) Confirming the Joint Chapter 11 Plan for Red Lobster Management LLC and Its Debtor Affiliates, (III) Setting Deadlines, and (IV) Setting Post-Confirmation Status Conference* (the "Confirmation Order") [ECF No. 1140], seeking to enforce the discharge and injunction provisions of the Plan and Confirmation Order, in connection with the New York State Court Action (defined below), to prevent Eleasia Blackman (the "Plaintiff") and the New York state court presiding over the New York State Court Action, from continuing in any manner any action or proceeding of any kind with respect to any alleged conduct or claims that occurred or arose before the commencement of the Debtors' chapter 11 cases on May 19, 2024 (the "Petition Date"), including any such allegations against Red Lobster Hospitality, LLC and Red Lobster Management, LLC (collectively, the "Debtor Defendants" or "Defendants"). In support of this Motion, the Reorganized Debtors and Plan Administrator respectfully represent as follows:

## Preliminary Statement

1.    The continuation of a proceeding to collect on a debt that has been discharged in a bankruptcy case is a violation of federal law—specifically the United States Bankruptcy Code — and an order of this Court. Plaintiff, one of the Debtors' unsecured creditors, is doing just that. As more fully described below, the Debtors negotiated and filed the Plan, and obtained entry of the Confirmation Order approving the Plan – each of which contained provisions discharging all prepetition claims against the Debtors and enjoining all claimholders from continuing any action on account of such claims.

2.    Moreover, this Court has already resolved this exact issue with respect to certain other creditors who sought to pursue their claims against the Reorganized Debtors[5] and ruled that "allowing [such] claims to proceed will place an economic burden on the Reorganized Debtors

---

[5] *See* ECF Nos. 1486, 1487, 1510, 1511 and 1512.

2

such that their fresh start will be interfered with." ECF No. 1546 at pages 4-5. This instance is no different.

3.  Plaintiff filed a motion to restore her pre-petition state court action against the Debtor Defendants – seeking payment with respect to an alleged prepetition claim that has been discharged. The New York state court impermissibly restored the action and scheduled a trial scheduling conference for March 20, 2025. As a result, the Reorganized Debtors and Plan Administrator seek relief from this Court, on an expedited basis, to enforce the discharge and injunction provisions in the Plan and Confirmation Order. Failure to dismiss the prepetition action would deny the Reorganized Debtors of the "fresh start" provided by the discharge – which is critical to their restructuring efforts.

## Relief Requested

4.  Pursuant to the Plan, the Confirmation Order, and sections 524 and 1141 of the Bankruptcy Code, the Reorganized Debtors and Plan Administrator respectfully request the entry of an order (i) finding that Plaintiff violated the Plan and the Confirmation Order by continuing the New York State Court Action because Plaintiff asserts claims against the Debtor Defendants that arose before the Petition Date, (ii) enjoining Plaintiff from seeking any other relief against the Debtor Defendants based on any alleged conduct or claims that occurred or arose before the Petition Date, (iii) directing Plaintiff to dismiss the New York State Court Action against the Debtor Defendants with prejudice, (iv) directing the New York state court to permanently stay the New York State Court Action, and (iv) granting the Debtor Defendants such other and further relief as is just and appropriate.

5.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "Proposed Order").

**Background**

**A. Plaintiff's Pre-Petition Claims Against Defendants.**

6. On March 17, 2017, Plaintiff commenced a personal injury action against the Defendants by filing a Summons and Verified Complaint in the New York Supreme Court, Albany County (the "New York state court"). *See Eleasia Blackman v. Red Lobster Hospitality, LLC and Red Lobster Management, LLC*, Index No. 605830/2017 (the "New York State Court Action"). *See* NYSCEF No. 1.

7. On May 15, 2017, Plaintiff stipulated to transfer venue to the Supreme Court, Nassau County. *See* NYSCEF No. 6.

**B. The Chapter 11 Cases.**

8. On the Petition Date, the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the Middle District of Florida (the "Court").

9. Plaintiff received notice of the Chapter 11 Cases. *See* ECF Nos. 194 and 285 at page 53 of 369. The notice of Chapter 11 Cases contained the deadline for holders of prepetition claims to file a proof of claim against the Debtors, which deadline was set for July 28, 2024 (the "Bar Date"). Additionally, Plaintiff was scheduled as a holder of a contingent, unliquidated and disputed claim, in an undetermined amount, in the Debtor Defendants' schedules. *See* ECF No. 435 at page 115 of 1148 (Red Lobster Management LLC) and ECF No. 9 at page 336 of 1347 (Red Lobster Hospitality LLC).

10. On November 22, 2024, months after the Bar Date, Plaintiff filed a *Motion for Leave to File Late Claim* at ECF No. 1452 (the "Motion for Leave"). In the Motion for Leave, Plaintiff stated that she "intend[ed] on filing a motion to lift the stay on Plaintiff's claim agreeing to seek recovery only against the debtor's insurance policy with Zurich, who issued an insurance policy covering the property and the debtor…." *Id.* at ¶5. In response, Reorganized Debtors'

counsel advised Plaintiff's counsel that the Reorganized Debtors would contest any motion seeking relief from the stay or discharge because such claims had been discharged pursuant to the Plan and Confirmation Order.  Otherwise, counsel agreed to the entry of an Order that allowed the Plaintiff to file a proof of claim and deem it timely filed, with objections on the merits of such claim and any defenses thereto, preserved in all respects, which the Court entered on December 23, 2024 [ECF No. 1539] (the "Agreed Order").  Thereafter, Plaintiff filed a proof of claim on December 28, 2024.  *See* Claim No. 0000011982.

**C. The Injunction and Discharge Provisions of the Plan and Confirmation Order.**

11. On July 29, 2024, the Debtors filed the *Disclosure Statement for the Joint Chapter 11 Plan of Red Lobster Management LLC and Its Debtor Affiliates* (the "Disclosure Statement") *See* ECF No. 734.  On July 29, 2024, the Debtors also filed their *Amended Joint Chapter 11 Plan for Red Lobster Management LLC and Its Debtor Affiliates* (ECF No. 733), which was subsequently amended and confirmed by the Court. *See* ECF No. 1124.

12. Pursuant to the Court's solicitation procedures order (*see* ECF No. 736), Plaintiff received notice of the Disclosure Statement, the Plan, notice of the applicable objection and voting deadlines, a ballot for voting on the Plan, and notice of the hearing on confirmation of the Debtors' Plan.  *See* ECF No. 817 at pages 58 and 166 of 490.

13. Pursuant to the Plan, Plaintiff's claims were classified as class 4 general unsecured claims, which were impaired and, therefore, Plaintiff was entitled to vote to accept or reject the Plan.  Although provided with a ballot, Plaintiff did not submit a ballot to accept or reject the Plan.  Likewise, Plaintiff did not file an objection to the Plan.

14. Pursuant to the Plan, the treatment of Class 4 Claims includes:

> [o]n the Plan Effective Date, each holder of an Allowed Class 4 General Unsecured Claim . . . shall receive, in accordance with the GUC Trust Documents, its Pro Rata Share of the beneficial interests in the GUC Trust and the right to receive its respective Pro Rata Share of any available GUC Litigation Proceeds or other GUC Trust

>   Assets, if any. Holders of Allowed General Unsecured Claims against more than one Debtor shall be treated as having a single Allowed General Unsecured Claim solely for purposes of any Distribution. The treatment set forth herein with respect to the holders of Allowed Class 4 Claims . . . shall be in full and final satisfaction of the Allowed Class 4 Claims.

ECF No. 1124, Art. III(B)(4).

15. Article IV.C.4 of the Plan describes the discharge, providing that "[o]n the Plan Effective Date, except as otherwise provided for hereunder or in the Confirmation Order, each Reorganized Debtor will receive a discharge of all Claims in accordance with section 1141(d)(1) of the Bankruptcy Code." The definition of "Reorganized Debtors" in the Plan includes the Debtor Defendants.

16. On September 6, 2024, the Court entered the Confirmation Order. *See* ECF No. 1140. Following entry of the Confirmation Order, Plaintiff and her counsel received a notice of the entry of the Confirmation Order. *See* ECF No. 1169 at pages 60 and 172 of 512.

17. In relevant part, the Confirmation Order provides for a discharge pursuant to 11 U.S.C. §§ 524 and 1141 at paragraph 27:

>   <u>Discharge of Claims and Termination of Interests</u>. Except as otherwise provided in the Plan or this Confirmation Order, upon the Plan Effective Date, the Reorganized Debtors, shall (i) be deemed to have received a discharge under section 1141(d) of the Bankruptcy Code and release from any and all Claims and any other obligations, suits, judgments, damages, debts, rights, remedies, Causes of Action or liabilities, and any Interests or other rights of a holder of any Security or other ownership interest, of any nature whatsoever, including, without limitation, liabilities that arose before the Plan Effective Date (including prior to the Petition Date), and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (a) a Proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim based upon such debt is Allowed under section 502 of the Bankruptcy Code (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan; and (ii) terminate and cancel all rights of any Security holder in any of the Debtors and all Interests (including Interests in RL Management, which shall be cancelled and New Reorganized Debtor Equity shall be shall be issued to the Plan

>Administrator or its designee). Except as expressly provided in the Plan or this Confirmation Order, this Confirmation Order constitutes a judicial determination, as of the Plan Effective Date, of such discharge, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void and extinguish any judgment obtained against any Debtor, or any of their respective assets, property and Estates at any time, to the extent such judgment is related to a discharged Claim, Cause of Action, debt, liability or Interest of any kind in any of the Debtors (including any terminated Interest).

*See* ECF No. 1140 at page 46 of 134.

18. Paragraph 29(v) of the Confirmation Order also conspicuously includes the following injunction:

>**AS SET FORTH IN ARTICLE VIII.A.5 OF THE PLAN AND EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THIS CONFIRMATION ORDER WITH RESPECT TO THE PLAN, ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD ANY CLAIMS OR CAUSES OF ACTION AGAINST, OR INTERESTS IN, ANY OF THE DEBTORS THAT HAVE BEEN RELEASED, DISCHARGED, OR ARE SUBJECT TO RELEASE OR EXCULPATION HEREUNDER ARE PERMANENTLY ENJOINED, FROM AND AFTER THE PLAN EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST ANY OF THE DEBTORS, THE PURCHASER (INCLUDING ANY ASSIGNEES CONTEMPLATED PURSUANT TO THE PURCHASE AGREEMENT), THE REORGANIZED DEBTORS, THE WIND-DOWN DEBTORS, THE GUC TRUST, THE GUC TRUSTEE, AS APPLICABLE, OR ANY OF THE OTHER EXCULPATED PARTIES OR ANY OF THE RELEASED PARTIES: (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH ANY SUCH CLAIM, CAUSE OF ACTION OR INTEREST; (2) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE PURCHASED ASSETS OR ANY OF THE EXCULPATED PARTIES OR RELEASED PARTIES ON ACCOUNT OF OR IN CONNECTION WITH ANY SUCH CLAIM, CAUSE OF ACTION OR INTEREST; (3) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST THE PURCHASED ASSETS OR ANY OF THE EXCULPATED PARTIES, RELEASED PARTIES OR THEIR PROPERTY**

7

**ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIM, CAUSE OF ACTION OR INTEREST; AND (4) ASSERTING ANY RIGHT OF SETOFF OR SUBROGATION AGAINST ANY OBLIGATION DUE FROM ANY OF THE EXCULPATED PARTIES, RELEASED PARTIES OR AGAINST THEIR PROPERTY ON ACCOUNT OF OR IN CONNECTION WITH ANY SUCH CLAIM, CAUSE OF ACTION OR INTEREST UNLESS, WITH RESPECT TO SETOFF, SUCH HOLDER HAS (I) FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE PLAN EFFECTIVE DATE OR FILED A PROOF OF CLAIM THAT ASSERTS OR PRESERVES ANY SUCH RIGHT, AND UNTIL SUCH MOTION HAS BEEN GRANTED OR THE FILED PROOF OF CLAIM IS ALLOWED, OR (II) ASSERTS SUCH RIGHT IN CONNECTION WITH AN UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY THAT IS REJECTED UNDER THE PLAN. UPON ENTRY OF THE CONFIRMATION ORDER WITH RESPECT TO THE PLAN, ALL HOLDERS OF CLAIMS AND CAUSES OF ACTION AGAINST, AND INTERESTS IN, ANY OF THE DEBTORS AND THEIR RESPECTIVE RELATED PARTIES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OF THE PLAN OR THE SALE TRANSACTION. FOR THE AVOIDANCE OF DOUBT, NOTHING IN THE PLAN OR THIS ORDER SHALL ENJOIN, WAIVE, LIMIT OR IMPAIR THE RIGHT OF SETOFF AND RECOUPMENT IN THE ORDINARY COURSE UNDER THE TERMS OF ASSUMED LEASES OR REQUIRE A LANDLORD TO FILE A MOTION OR OTHER PLEADING TO PRESERVE ANY SUCH RIGHTS.**

19.     The Plan Effective Date occurred on September 16, 2024, at which point the discharge provisions contained in the Plan and Confirmation Order took effect. *See* ECF No. 1177.

**D. Prior Hearing on Motions for Relief from the Discharge Injunction.**

20.     On December 19, 2024, this Court heard the various motions for relief from the discharge injunction filed by certain creditors of the Debtors (collectively, the "Motions for Relief").[6] Those claimants – like the Plaintiff here – sought to continue their pre-petition lawsuits

---

[6] At the hearing, the Court heard the *Motion for Relief from the Discharge Injunction* (ECF No. 1486)

notwithstanding the Plan's discharge injunction provisions. The Court denied each of the Motions for Relief and ruled that "allowing [such] claims to proceed will place an economic burden on the Reorganized Debtors such that their fresh start will be interfered with." *See* ECF No. 1546 at pages 4-5.

### E. Plaintiff's Violations of the Discharge Injunction.

21.   On October 21, 2024, Plaintiff filed a motion to restore the New York State Court Action (the "Motion to Restore"). *See* NYSCEF No. 137. The Debtor Defendants opposed the Motion to Restore, citing the bankruptcy discharge and applicable notices. *See* NYSECF No. 144.

22.   Notwithstanding the discharge provision and this Court's recent ruling denying the Motions for Relief, the New York state court restored the New York State Court Action and scheduled a trial scheduling conference for March 20, 2025. *See* NYSCEF No. 148.

### Argument

**A.   The Continuation of Plaintiff's Action Violates the Bankruptcy Code and This Court's Confirmation Order.**

23.   Sections 524 and 1141 of the Bankruptcy Code operate together to prevent a creditor from asserting a "debt" that existed prior to the bankruptcy against a chapter 11 debtor that has received a discharge pursuant to its chapter 11 plan and order of the Bankruptcy Court confirming that chapter 11 plan. A "'debt' is defined to mean any 'liability on a claim . . . .'" *Gilbert v. North Am. Airlines*, 2014 U.S. Dist. LEXIS 42076 at *19 (E.D.N.Y. Mar. 26, 2014).

24.   "Consistent with the fresh start policy, section 101(5)(A) of the Bankruptcy Code broadly defines a claim as a 'right to payment, whether or not such right is reduced to judgment,

---

("Ms. Rainner's Motion") and the *Motion for Relief from the Discharge Injunction* (Doc. No. 1487) ("Ms. Morris' Motion"). Scott Price and Lindell Diaz filed joinders to Ms. Rainner's Motion (Doc. Nos. 1510 and 1511, respectively). Also pending before the Court was the *Motion for Relief from the Discharge Injunction* (Doc. No. 1512) filed by Peggy S. Kandies. Although Ms. Kandies' motion was not before the Court at the hearing, counsel for Ms. Kandies was in attendance and agreed that the Court's ruling on Ms. Rainner's Motion and Ms. Morris' Motion could be applied to her motion.

liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . .' This broad definition permits all legal obligations of the debtor, no matter how remote or contingent, to be dealt with in the bankruptcy case." *In re AMR Corp.*, 2016 Bankr. LEXIS 1666, at *13-14 (Bankr. S.D.N.Y. Apr. 14, 2016) (citing *Wongco v. Federated Dep't Stores, Inc. (In re R.H. Macy & Co.)*, 283 B.R. 140, 145 (S.D.N.Y. 2002)); *see also* 11 U.S.C. § 101(5)(A); H.R. Rep. No. 95-595, at 309 (1977), *as reprinted in* U.S.C.C.A.N. 5787, 5807 ("By this broadest possible definition [of the term 'claim'] . . . the bill contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case . . . [and] permits the broadest possible relief in the bankruptcy court.").

  25. Section 524(a) of the Bankruptcy Code (Effect of Discharge) provides in relevant part:

  (a) A discharge in a case under this title—

    (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not discharge of such debt is waived; [and]

    (2) ***operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor***, whether or not discharge of such debt is waived;….

(emphasis added).

25. Similarly, section 1141(d) of the Bankruptcy Code (Effect of Confirmation) provides:

  (1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, ***the confirmation of a plan***—

    (A) ***discharges the debtor from any debt that arose before the date of such confirmation***, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, ***whether or not***—

      (i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;

      (ii) ***such claim is allowed under section 502 of this title***; or

10

    (iii)  the holder of such claim has accepted the plan; and

   (B)  terminates all rights and interests of equity security holders and general partners provided for by the plan.

(emphasis added).

26. "Section 524 of the Bankruptcy Code operates as a post-discharge injunction against the collection of debts discharged in bankruptcy." *In re Nibbelink*, 403 B.R. 113, 119 (Bankr. M.D. Fla. 2009) (citing *Hardy v. United States (In re Hardy)*, 97 F.3d 1384, 1388-89 (11th Cir. 1996)). Section 524(a)(2) prohibits any claim for a discharged debt "where the objective effect of the claim is to pressure the [reorganized] debtor to repay the [discharged] debt." *In re McLean*, 794 F.3d 1313, 1320 (11th Cir. 2015) ("join[ing] other circuits in concluding that §524(a)(2) is an expansive provision designed to prevent any action that has the effect of pressuring a debtor to repay a discharged debt, even if the means of pressuring the debtor are indirect.").

27. "[O]nce a plan is confirmed, parties are barred from pursuing claims that arose prior to confirmation [of the chapter 11 plan]." *In re AMR Corp.*, 2016 Bankr. LEXIS 1666, at *13-14 (Bankr. S.D.N.Y. Apr. 14, 2016). "Once confirmed, the plan binds the debtor and all creditors, whether or not a creditor has accepted the plan. Thus, confirmation presumptively discharged all dispute[d] claims." *Broussard v. First Am. Health Care (In re First Am. Health Care)*, 220 B.R. 720, 723 (Bankr. S.D. Ga. 1998). "The reason for such a rule is obvious: it gives a debtor a fresh start from all claims covered by the bankruptcy." *In re AMR Corp.*, 2016 Bankr. LEXIS 1666, at *14 (citing *In re Chateaugay Corp.*, 201 B.R. 48, 60 (Bankr. S.D.N.Y. 1996)).

28. The *AMR Corp.* opinion is instructive. There, a former employee continued to pursue litigation against the reorganized debtors (American Airlines) following confirmation of their chapter 11 plan of reorganization. *In re AMR Corp.*, 2016 Bankr. LEXIS 1666 at *7. The former employee in *AMR Corp.* had filed multiple proofs of claim in the bankruptcy case. *Id.* at

11

\*5-6. Following the conclusion of the reorganized debtors' bankruptcy case, the former employee continued litigation by pursuing a prepetition EEOC charge. *Id.* at \*7. There, the bankruptcy court held that the former employee's litigation (i) constituted claims that were discharged pursuant to the debtors' plan of reorganization and related confirmation order, and (ii) the continuation of those claims violated the Bankruptcy Code and the bankruptcy court's confirmation order. *Id.* at \*16 ("the Court concludes that [the former employee's] legal actions are barred [and that] the Plan discharged all claims against the debtors and further enjoined claim holders from asserting a claim based upon any act or omission, transaction, or other activity . . . that occurred prior to the [plan effective date] . . . .").

29. As in the chapter 11 plan and confirmation order in *AMR Corp.*, the Debtor Defendants' Plan and Confirmation Order include clear discharge and injunctive language. Article IV.C.4 of the Plan describes the discharge, providing that "[o]n the Plan Effective Date, except as otherwise provided for hereunder or in the Confirmation Order, each Reorganized Debtor will receive a discharge of all Claims in accordance with section 1141(d)(1) of the Bankruptcy Code."

30. The Confirmation Order goes further, providing in paragraph 27:

> <u>Discharge of Claims and Termination of Interests</u>. …U]pon the Plan Effective Date, the Reorganized Debtors shall (i) be deemed to have received a discharge under section 1141(d) of the Bankruptcy Code and release from any and all Claims and any other obligations, suits, judgments, damages, debts, rights, remedies, Causes of Action or liabilities . . . of any nature whatsoever, including, without limitation, liabilities that arose before the Plan Effective Date (including prior to the Petition Date) . . . whether or not (a) a Proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim based upon such debt is Allowed under section 502 of the Bankruptcy Code (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan . . . . Except as expressly provided in the Plan or this Confirmation Order, this Confirmation Order constitutes a judicial determination, as of the Plan Effective Date, of such discharge, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void and extinguish any judgment obtained against any Debtor, or any of their respective assets, property and Estates at any time, to the extent such judgment is

related to a discharged Claim, Cause of Action, debt, liability or Interest of any kind in any of the Debtors (including any terminated Interest).

31.  In support of the discharge in the Confirmation Order, paragraph 29(v) enjoins all holders of claims against the Reorganized Debtors from, among other things, "commencing or ***continuing in any manner any action or other proceeding of any kind on account of or in connection with any such Claim, Cause of Action, or Interest***." (emphasis added).

32.  Moreover, Plaintiff may not later seek to collaterally attack the contents of the Plan by reigniting litigation in another forum. Courts in the Eleventh Circuit have consistently held that orders confirming a chapter 11 plan receive res judicata effect as to all prepetition claims and all questions that could have been raised before confirmation. *See, e.g.*, *In re Heath Hills Amenities, LLC*, 637 B.R. 168, 179 (M.D. Fla. 2022) ("It is well settled that a Bankruptcy Court's confirmation order that is final and no longer subject to appeal becomes res judicata to the parties and those in privity with them.") (citing *Travelers Indem. Co.*, 557 U.S. at 152)); *In re FFS Data, Inc.*, 509 B.R. 403, 412 (Bankr. S.D. Fla. 2014) ("An order confirming a chapter 11 plan, and the plan itself, are accorded res judicata effect with regard to claims addressed therein.") (citing *In re Optical Techs., Inc.*, 425 F.3d 1294, 1300 (11th Cir. 2005)).

33.  Further, "persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order." *Celotex Corp. v. Edwards*, 514 U.S. 300, 306 (1995). Claimants like Plaintiff cannot sit on their rights throughout the bankruptcy case and then upset a confirmed plan after the bankruptcy has concluded. *See, e.g.*, *Winn-Dixie Stores, Inc.*, 381 B.R. 804, 809-10 (Bankr. M.D. Fla. 2008 ("It is the policy of this Court that a creditor cannot reasonably expect to sit on its rights throughout the process leading up to confirmation, then argue that it is entitled to relief post-confirmation, without consideration to the specified terms of the confirmed plan . . . . To hold otherwise would render the terms of the confirmed plan meaningless and open pandora's

13

box, as there would be no finality or resolution [and undercut] the entire concept behind confirmation of a plan."). Here, Plaintiff—who was silent throughout the Debtor Defendants' bankruptcy cases—has not sought relief from the injunctive provisions of the Confirmation Order to continue her lawsuit. To permit Plaintiff to continue the New York State Court Action without such relief would reward Plaintiff for violating an injunction issued against Plaintiff by a federal court of competent jurisdiction. It may also open the floodgates and encourage other parties to continue to prosecute enjoined claims, depriving the Reorganized Debtors of their lawful "fresh start."

### B. Plaintiff's Claims Existed Prior to the Chapter 11 Cases and Are Therefore Subject to the Discharge and Injunction in the Plan and Confirmation Order.

34. "For purposes of a discharge in bankruptcy, a claim arises at the time of the events giving rise to the claim." *Id.* at *14 (quoting *Cost v. Super Media*, 482 B.R. 857, 861-62 (S.D.N.Y. 2012)). Since Plaintiff alleges she was injured on a Debtor Defendant's premises on December 23, 2015, her allegations pre-date the Debtor Defendants' May 19, 2024 bankruptcy filing. Accordingly, Plaintiff's alleged claim is properly treated in accordance with the Plan.

### C. Plaintiff's Claim Is Now Subject to the Claims Reconciliation Process Pursuant to the Bankruptcy Case and As Provided in the Plan and Confirmation Order.

35. A "proof of claim" is the vehicle for a creditor with a prepetition claim to assert its claims against a debtor in bankruptcy and, absent timely relief from the bankruptcy court, the filing of a proof of claim replaces the pre-existing lawsuit. When a creditor files a proof of claim, it consents to the jurisdiction of the bankruptcy court under 28 U.S.C. § 157 and 1334, and the bankruptcy court and the claims reconciliation process set forth in the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure effectively take over and govern any dispute as to the asserted claim. *See, e.g.*, *Granfinanciera v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782 (1989); *Schmidt v. AAF Players, LLC (In re Legendary Field Exhibitions, LLC)*, 2020 Bankr. LEXIS 91,

at *12 (Bankr. W.D. Tex. Jan. 10, 2020); *Grabis v. Navient Sols., LLC (In re Grabis)*, 2020 Bankr. LEXIS 3470, at *60 (Bankr. S.D.N.Y. Dec. 11, 2020).

36. Once a bankruptcy case is filed, the prepetition forum must stay its proceeding during the pendency of the debtor's bankruptcy proceedings. Upon entry of an order by the bankruptcy court confirming a debtor's chapter 11 plan of reorganization and granting the debtor a discharge under the Bankruptcy Code, the proceeding pending in the prepetition forum is dismissed, as that claim cannot be asserted against the reorganized debtor without authority from the Bankruptcy Court. *See In re The Celotex Corp.*, 380 B.R. 623, 629 (Bankr. M.D. Fla. 2007) ("A bankruptcy court has post-confirmation jurisdiction to protect its confirmation decree, to prevent interference with the execution of a plan and to otherwise aid in a plan's operation and compliance.") (quotation omitted).

37. No provision of the Plan or Confirmation Order provides relief for Plaintiff to continue to assert her discharged claims against the Debtor Defendants. Moreover, Plaintiff did not timely seek relief from the Court to continue to prosecute her claims. Had she done so, the Debtor Defendants would have opposed that relief in their Chapter 11 Cases. Instead, Plaintiff is improperly attempting to circumvent the Plan, the Confirmation Order, and the applicable provisions of the Bankruptcy Code, in an effort to enhance Plaintiff's recovery, as compared with other similarly situated creditors, whose claims are required to be administered in this bankruptcy proceeding. Those efforts are strictly barred by the Bankruptcy Code.

**WHEREFORE**, the Reorganized Debtors and Plan Administrator respectfully request entry of the Proposed Order, in substantially the form attached hereto as **Exhibit "A,"** granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:   February 21, 2025                                    Respectfully submitted,

| | |
|---|---|
| **Counsel for the Reorganized Debtors (excluding Red Lobster Management)** | **Counsel for the Plan Administrator** |
| W. Austin Jowers (admitted *pro hac vice*)<br>Jeffrey R. Dutson (admitted *pro hac vice*)<br>Sarah L. Primrose (FL Bar No. 98742)<br>Christopher K. Coleman (admitted *pro hac vice*)<br>Brooke L. Bean (admitted *pro hac vice*)<br>**KING & SPALDING LLP**<br>1180 Peachtree Street, NE, Suite 1600<br>Atlanta, GA 30309<br>Telephone:  (404) 572-4600<br>Email:  ajowers@kslaw.com<br>         jdutson@kslaw.com<br>         sprimrose@kslaw.com<br>         christopher.coleman@kslaw.com<br>         bbean@kslaw.com<br><br>– and –<br><br>Michael Fishel (admitted *pro hac vice*)<br>**KING & SPALDING LLP**<br>1100 Louisiana, Suite 4100<br>Houston, TX 77002<br>Telephone:  (713) 751-3200<br>Email:  mfishel@kslaw.com | /s/ *Robin J. Rubens*<br>Paul Steven Singerman<br>Florida Bar No. 378860<br>Robin J. Rubens<br>Florida Bar No. 959413<br>**BERGER SINGERMAN LLP**<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone:  (305) 755-9500<br>Email:  singerman@bergersingerman.com<br><br>- and –<br><br>Nicolette C. Vilmos<br>Florida Bar No. 469051<br>**BERGER SINGERMAN LLP**<br>300 S. Orange Avenue, Suite 1000<br>Orlando, FL 32801<br>Telephone:  (407) 749-7900<br>Email:  nvilmos@bergersingerman.com<br><br>*Filer's Attestation:  Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Paul Steven Singerman attests that concurrence in the filing of this paper has been obtained.* |

## **Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                              Chapter 11 Case

RLSV, INC.,[1]                                            Case No. 6:24-bk-02486-GER

    Wind-Down Debtor.
_____/

**ORDER GRANTING MOTION BY REORGANIZED DEBTORS AND PLAN ADMINISTRATOR TO ENFORCE DISCHARGE, INJUNCTION AND RELATED PROVISIONS IN CONFIRMED CHAPTER 11 PLAN**

**THIS MATTER** came before the Court on _____, 2025, at _____ a.m./p.m., in Orlando, Florida for a hearing ("Hearing"), upon the Motion of the Reorganized Debtors and Plan Administrator for entry of an order on an expedited basis, pursuant to sections 105(a), 524 and 1141 of the Bankruptcy Code, enforcing the discharge and injunction provisions in the Debtors' Plan[2] and Confirmation Order (the "Motion").

---

[1] The last four digits of RLSV, Inc.'s federal tax identification are 6180, and its mailing address is 450 S. Orange Avenue, Suite 800, Orlando, FL 32801. The Chapter 11 cases of affiliates of RLSV, Inc. (collectively, the "Debtor Affiliates," with RLSV, Inc., the "Debtors") were closed effective as of December 27, 2024. *See* Case No. 6:24-bk- 02486-GER at ECF No. 1549.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Upon consideration of the Motion, and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and Hearing having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, Reorganized Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS ORDERED THAT:**

1. The Motion is GRANTED as provided herein.

2. The Plaintiff is enjoined from seeking any relief against the Debtor Defendants based on alleged conduct or claims that occurred or arose before the Petition Date.

3. The Plaintiff is directed, within seven days of the entry of this Order, to dismiss the New York State Court Action with prejudice.

4. Should the Plaintiff fail to comply with this Order, the Court will entertain a motion for sanctions if filed by any of the Reorganized Debtors or the Plan Administrator.

5. The New York state court presiding over the New York State Court Action is directed to permanently stay the New York State Court Action.

3

      6.      The Reorganized Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

      7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# # #

*(Attorney Robin J. Rubens is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.)*