**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RLSV, INC., [1] | Case No. 6:24-bk-02488-GER |
| Wind-Down Debtor. | |
| _____/ | |

**JOINT MOTION OF THE REORGANIZED DEBTORS**
**AND THE GUC TRUSTEE FOR ENTRY OF AN ORDER**
**CONFIRMING INTERPRETATION OF PLAN AND GUC TRUST PROVISIONS**

The Reorganized Debtors,[2] in their capacity as plan proponents, and the Red Lobster GUC Trust (the "GUC Trust") hereby file this motion (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order") confirming the interpretation of certain provisions in the Plan and the GUC Trust Agreement.[3] In support of this Motion, the Reorganized Debtors and the GUC Trust respectfully represents as follows:

**Preliminary Statement**

1.      The GUC Trust was established primarily to investigate and prosecute the Equityholder Litigation Claims for the benefit of allowed general unsecured claims. The GUC Trust is now prepared to proceed with the Equityholder Litigation Claims and has engaged King & Spalding LLP ("K&S") as contingency counsel in this regard. The pursuit of the Equityholder

---

[1] The last four digits of RLSV, Inc.'s federal tax identification are 6180, and its mailing address is 450 S. Orange Avenue, Suite 800, Orlando, FL 32801. The Chapter 11 Cases of affiliates of RSLV, Inc. were closed effective as of December 27, 2024. *See* Case No. 6:24-bk-02486-GER at ECF No. 1549.

[2] As that term is defined in the *Second Amended Joint Chapter 11 Plan for Red Lobster Management LLC and Its Debtor Affiliates* as of September 4, 2024 [ECF No. 1124] (the "Plan").

[3] The capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

Litigation Claims represents the only source of recovery for General Unsecured Claims in these cases. Because the GUC Trust received limited funding for expenses under the Plan, the parties involved in negotiating the Plan anticipated that the Equityholder Litigation Claims would be pursued pursuant to a contingency fee arrangement.

2.      To that end, the GUC Trust affords broad authority to the GUC Trustee to retain professionals and compensate such professionals from the GUC Trust Assets (including the proceeds of the Equityholder Litigation Claims). GUC Trust Agrmt., at § 3.8.

3.      However, the Plan contains a potential ambiguity with regard to the funds available for payment of contingency counsel. Specifically, Article IV.C.11(c) of the Plan suggests that the GUC Trust's professionals may be paid only using the funds in the *GUC Fund*, which is limited and does not encompass the proceeds of Equityholder Litigation Claims. All parties involved in the negotiation of this provision—Debtors' counsel, Committee counsel, and Prepetition Term Loan Agent's counsel—agree that this provision was never intended to prevent the GUC Trust from entering into a contingency agreement with counsel to pursue the Equityholder Litigation Claims. This is further evidenced by the GUC Trust Agreement, which was negotiated by the Trustee, the Debtors, and the Prepetition Term Loan Agent, which provides that the GUC Trust may reimburse its professionals from all *GUC Trust Assets*, including the proceeds of Equityholder Litigation Claims.

4.      This Court has retained jurisdiction to "remedy any defect or omission or ***reconcile any inconsistencies*** in the Plan, the Disclosure Statement or the Confirmation Order, in such matters as may be necessary to carry out the purposes and intent of the Plan." *See* Confirmation Order at ¶ 61 (emphasis added). Accordingly, out of an abundance of caution, the Reorganized Debtors and the GUC Trustee file this motion seeking entry of an order clarifying the interpretation

of the Plan and confirming that: (a) pursuant to the terms of the Plan and Section 3.8 of the GUC Trust Agreement, the GUC Trust is authorized to retain King & Spalding LLP on a contingency basis to pursue the Equityholder Litigation Claims; and (b) pursuant to Section 3.8 of the GUC Trust Agreement, the payment of fees and expenses incurred by such counsel is not limited to the GUC Fund, but instead may be paid from the proceeds of the Equityholder Litigation Claims.

5.      The Equityholder Litigation Claims were expressly contemplated to be pursued by the GUC Trust and vested in the GUC Trust under the Plan. The relief requested in the Motion is necessary to confirm that the GUC Trust has the means to pay for counsel to pursue the Equityholder Litigation Claims. This relief is critical to providing a potential path for recovery for General Unsecured Claims. Prior to filing this Motion, the GUC Trust and the Reorganized Debtors conferred with counsel for the Prepetition Term Loan Agent, and the Prepetition Term Loan Agent has no objection to the relief requested in the Motion.

**Jurisdiction and Venue**

6.      This United States Bankruptcy Court for the Middle District of Florida (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and Article XI of the Plan. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

**A.      General Background**

7.      On May 19, 2024 (the "Petition Date"), each of the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code with this Court.

8.      On September 6, 2024, the Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving the Adequacy of the Disclosure Statement on a Final Basis, (II) Confirming the Joint Chapter 11 Plan for Red Lobster Management LLC and Its Debtor*

*Affiliates, (III) Setting Deadlines, and (IV) Setting Post-Confirmation Status Conference* [Docket No. 1140] (the "Confirmation Order") confirming the Plan.

9.      The Plan became effective by its terms on September 16, 2024 [Docket No. 1177] (the "Effective Date").

10.      On the Effective Date, in accordance with Article IV.C.11 of the Plan and the GUC Trust Agreement, which was approved by the Confirmation Order as part of the Plan Supplement, the GUC Trust was formed to administer General Unsecured Claims and investigate and pursue the Equityholder Litigation Claims,[4] and has the powers and authority set forth in the Confirmation Order, the Plan, and the GUC Trust Agreement.

11.      On the Effective Date, the GUC Trust was funded with the GUC Trust Assets, which consist of (i) the GUC Fund, (ii) the Equityholder Litigation Claims, and (iii) the resulting GUC Litigation Proceeds, if any. *See* Plan at Art. I.A. As of the Effective Date, the GUC Fund amount was unknown. As set forth in the Plan, the GUC Fund is defined as an initial sum of funding (the "Plan Funding Amount") less all amounts needed to satisfy allowed priority, tax, and administrative claims. *See* Plan Art. I.A. The GUC Funds on hand are approximately $200,000. The GUC Fund is a static pool of cash that is not expected to increase and is presently insufficient to allow the Trust to retain counsel to pursue the Equityholder Litigation Claims on an hourly basis.

12.      The Plan expressly contemplates that the GUC Trust will pursue Equityholder Litigation Claims, which claims are an express GUC Trust Asset. The Plan further provides that net proceeds of the Equityholder Litigation Claims, if any, shall be split 60% to the Prepetition

---

[4] "Equityholder Litigation Claims" is defined in the Plan to mean claims or causes of action, if any, against (i) direct and indirect equityholders of the Debtors and (ii) former officers and directors of the Debtors (other than the officers and directors of the Debtors as of the Petition Date).

Term Loan Agent and 40% to the GUC Trust. *See* Plan at Art. III.B. The GUC Trust's portion of the net proceeds of the Equityholder Litigation Claims is defined as the GUC Litigation Proceeds.[5]

**B.      Engagement and Compensation of Contingency Counsel**

13.     Based on the current amount of the GUC Fund, retention of counsel on a contingency basis is necessary to effectively pursue the Equityholder Litigation Claims to create a potential recovery for general unsecured creditors. Absent the use of the proceeds from the Equity Litigation Claims to pay counsel, general unsecured creditors will likely receive no recovery due to the fact that the GUC Funds on hand are presently insufficient to fund the fees and expenses of pursuing the Equityholder Litigation Claims.

14.     With the consent of the Prepetition Term Loan Agent,[6] the GUC Trust has retained K&S, as contingency counsel, to pursue the Equityholder Litigation Claims. The maximum fee payable to K&S pursuant to its contingency engagement is 33% of the gross sum recovered by K&S by settlement or judgment, before deduction of any costs or disbursements.

15.     It is clear and unambiguous that the Plan authorizes the GUC Trust to retain professionals to help it pursue the Equityholder Litigation Claims. However, the Plan arguably provides that payment to all of the GUC Trust's professionals must be made solely from the GUC Fund (approximately $200,000) as follows:

> The GUC Trustee shall have the right to retain the services of attorneys, accountants, and other professionals that, in the discretion of the GUC Trustee, are necessary to assist the GUC Trustee in the performance of its duties and prosecution of the Equityholder Litigation Claims and administration of the other GUC Trust Assets; provided, however, that (i) ***the payment of such professionals shall be made solely using the funds in the GUC Fund*** and (ii) the Prepetition Term Loan

---

[5] The Plan defines "GUC Litigation Proceeds" to mean forty percent (40%) of the net proceeds recovered by the GUC Trust from the Equityholder Litigation Claims.

[6] Article IV.B.7(c) of the Plan affords the Prepetition Term Loan Agent with a consent right with respect to any attorney retained by the GUC Trustee to prosecute the Equityholder Litigation Claims. The Prepetition Term Loan Agent has consented to the retention of K&S.

Agent shall have consented to the retention of any attorney retained by the GUC Trustee to prosecute the Equityholder Litigation Claims. The reasonable fees and expenses of such professionals shall be paid only from the GUC Funds upon the monthly submission of statements to the GUC Trustee. The payment of the reasonable fees and expenses of the GUC Trustee's retained professionals shall not be subject to the approval of the Bankruptcy Court.

Plan at Art. IV.C.11(c) ("Retention of GUC Trust Professionals") (emphasis added).

16.     Comparatively, the GUC Trust Agreement provides that the "GUC Trustee shall pay the reasonable salaries, fees, and expenses of [any professionals] out of the ***GUC Trust Assets*** in the ordinary course of business as GUC Trust Fees and Expenses without the need for Bankruptcy Court Approval." GUC Trust Agrmt., at § 3.8 (emphasis added). The GUC Trust Agreement provides clear and unambiguous authority for the GUC Trust to pay contingency counsel from the GUC Trust Assets, including, without limitation, the GUC Litigation Proceeds.

17.     To reconcile the inconsistencies between the Plan and GUC Trust Agreement, the Plan provides that "[t]o the extent that the terms of the Plan with respect to the GUC Trust are inconsistent with the terms set forth in the GUC Trust Agreement, ***then the terms of the GUC Trust Agreement shall govern***." Plan at Art. IV.C.11(a) (emphasis added).

18.     However, the GUC Trust Agreement provides that, "in the event of any inconsistency between the Plan, the Confirmation Order, and/or [the GUC Trust Agreement], each such document shall have controlling effect in the following rank order: (i) the Confirmation Order, (ii) the Plan, and (iii) [the GUC Trust Agreement]." GUC Trust Agrmt, at § 1.3.

19.     In light of the potential ambiguity raised by these provisions, the Reorganized Debtors, as plan proponent, and the GUC Trust are seeking an order from this Court out of an abundance of caution confirming that the GUC Trust, acting through the GUC Trustee, has the authority under the Plan to hire K&S as contingency counsel to pursue the Equityholder Litigation Claims and compensate K&S from the proceeds of the Equityholder Litigation Claims.

## **Basis For Relief Requested**

20.     The Reorganized Debtors, following consultation with the GUC Trustee and Prepetition Term Loan Agent, submit that the Plan provision limiting such professional fees to payment from the GUC Fund was intended to apply only to the GUC Trust's professionals ***other than those professionals engaged to assist with the Equityholder Litigation Claims***. It was ***not*** intended to prohibit the GUC Trust from satisfying professionals' claims from ***other*** GUC Trust Assets, including the GUC Litigation Proceeds, as such compensation was intended to be governed by the terms in the GUC Trust Agreement. This is evidenced by: (i) the language in the GUC Trust Agreement allowing the GUC Trust to pay professionals out of the GUC Trust Assets, including, without limitation, the GUC Litigation Proceeds, and (ii) the language in the Plan deferring to the terms in the GUC Trust Agreement with respect to matters affecting the GUC Trust. Entry of an order clarifying this issue is appropriate now to enable the GUC Trust to vigorously pursue the Equityholder Litigation Claims, which are the only potential source of recovery for General Unsecured Creditors.

21.     Furthermore, the GUC Trust has broad authority under the terms of the Plan and the GUC Trust Agreement to enter into arrangements in furtherance of the Equityholder Litigation Claims. The GUC Trust Agreement authorizes the GUC Trust "to enter into any covenants or agreements binding the GUC Trust, and to execute, acknowledge, and deliver any and all instruments that are necessary or deemed by the GUC Trustee to be consistent with, and advisable in, furthering the purpose of the GUC Trust, including, without limitation, with respect to the Equityholder Litigation Claims." GUC Trust Agrmt., at § 3.2; *see also* Confirmation Order at ¶ 2.

22.     This Court has the power, not only under Confirmation Order, but also its broad general equitable powers, to "remedy any defect or omission or ***reconcile any inconsistencies*** in the Plan, the Disclosure Statement or the Confirmation Order, in such matters as may be necessary

to carry out the purposes and intent of the Plan." *See* Confirmation Order at ¶ 61 (emphasis added). Section 105(a) of the Bankruptcy Code provides that a Bankruptcy Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). Additionally, "the bankruptcy court has authority to take any action or make any determination necessary or appropriate to enforce or implement orders." *Beal Bank, S.S.B. v. Jack's Marine, Inc.*, 201 B.R. 376, 379 (E.D. Pa. 1996) (citations omitted). Here, creditors were already put on notice through the Plan and Plan Supplement that any distribution of Equityholder Litigation Claim proceeds would be net of costs and, as provided for in the GUC Trust Agreement, that the GUC Trust's professionals may be paid out of the GUC Trust Assets.

23.      To avoid an inequitable outcome and to further the intended purposes of the Plan, the Reorganized Debtors and the GUC Trust request that the Court enter the Proposed Order approving the relief requested in the Motion, which may potentially and materially enhance potential creditor recoveries by reaffirming the path for the GUC Trust to pursue the Equityholder Litigation Claims. Such litigation is in the best interests of all creditors.

[*Remainder of Page Intentionally Blank*]

## Conclusion

**WHEREFORE**, for all of the foregoing reasons, the Reorganized Debtors and the GUC Trust respectfully request that the Court enter the Proposed Order attached hereto as **Exhibit 1** thereby (i) approving the Motion and (ii) granting such other and further relief as is appropriate and just.

Dated: August 29, 2025

Respectfully submitted,

| | |
|---|---|
| **Co-Counsel to Red Lobster GUC Trust** | **Counsel for the Reorganized Debtors (excluding Red Lobster Management)** |
| /s/ *Joseph A. Pack* | /s/ *Sarah L. Primrose* |
| Joseph A. Pack, Esq. (Florida Bar No. 117882) | W. Austin Jowers (admitted *pro hac vice*) |
| Jessey J. Krehl, Esq. (Florida Bar No. 1025848) | Jeffrey R. Dutson (admitted *pro hac vice*) |
| **PACK LAW, P.A.** | Sarah L. Primrose (FL Bar No. 98742) |
| 51 Northeast 24th Street, Suite 108 | Christopher K. Coleman (admitted *pro hac vice*) |
| Miami, Florida 33137 | Brooke L. Bean (admitted *pro hac vice*) |
| Telephone: (305) 916-4500 | **KING & SPALDING LLP** |
| Email:  joe@packlaw.com | 1180 Peachtree Street, NE, Suite 1600 |
|        jessey@packlaw.com | Atlanta, GA 30309 |
| | Telephone: (404) 572-4600 |
| - and – | Email:  ajowers@kslaw.com |
| |        jdutson@kslaw.com |
| **PACHULSKI STANG ZIEHL & JONES LLP** |        sprimrose@kslaw.com |
| Robert J. Feinstein, Esq. (admitted *pro hac vice*) |        christopher.coleman@kslaw.com |
| Bradford J. Sandler, Esq. (admitted *pro hac vice*) |        bbean@kslaw.com |
| 1700 Broadway, 36th Floor | |
| New York, New York 10019 | |
| Telephone: (212) 561-7700 | |
| Facsimile: (212) 561-7777 | |
| Email:  bsandler@pszjlaw.com | |
|        rfeinstein@pszjlaw.com | |

*Filer's Attestation: Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Sarah L. Primrose attests that concurrence in the filing of this paper has been obtained.*

## **PROOF OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 29th day of August, 2025, by (i) electronic transmission through the Court's CM/ECF system upon all parties whose attorney filed a notice of appearance using the Court's CM/ECF system; and (ii) electronic transmission upon all parties on the attached Service List.

By:    */s/ Sarah L. Primrose*
       Sarah L. Primrose

## SERVICE LIST

| Name | Email address |
|------|---------------|
| PACHULSKI STANG ZIEHL & JONES LLP AS THE GUC TRUSTEE'S COUNSEL | bsandler@pszjlaw.com |
| PLAN ADMINISTRATOR'S COUNSEL | singerman@bergersingerman.com<br>rrubens@bergersingerman.com<br>nvilmos@bergersingerman.com |
| PLAN ADMINISTRATOR | Mark.smith@vantagepointadvisory.com |
| OFFICE OF THE U.S. TRUSTEE | Bryan.Buenaventura@usdoj.gov;<br>Scott.E.bomkamp@usdoj.gov;<br>William.J.Simonitsch@usdoj.gov |

## Exhibit 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:                                                    Chapter 11

RLSV, INC.,[1]                                    Case No. 6:24-bk-02488-GER

      Wind-Down Debtor.

_____/


**ORDER REGARDING PLAN PROVISIONS**

THIS CASE came before the Court upon the *Joint Motion of the Reorganized Debtors and the GUC Trustee for Entry of an Order Confirming Interpretation of Plan and GUC Trust Provisions* filed on August 29, 2025 [Docket No. [ ]] (the "Motion").[2] This Court, having reviewed the Motion and having determined that cause exists for granting the relief sought in the Motion in the manner described herein, it is:

---

[1] The last four digits of RLSV, Inc.'s federal tax identification are 6180, and its mailing address is 450 S. Orange Avenue, Suite 800, Orlando, FL 32801.  The Chapter 11 Cases of affiliates of RSLV, Inc. were closed effective as of December 27, 2024. *See* Case No. 6:24-bk-02486-GER at ECF No. 1549.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**ORDERED** as follows:

1.      The Motion is granted as set forth herein.

2.      Pursuant to the terms of the Plan and Section 3.8 of the GUC Trust Agreement, the GUC Trust is authorized to retain King & Spalding, LLP on a contingency basis to pursue the Equityholder Litigation Claims.

3.      Pursuant to Section 3.8 of the GUC Trust Agreement, the payment of fees (including any contingency fee) and expenses incurred by such counsel is not limited to the GUC Fund, but instead may be paid from the GUC Trust Assets, including, without limitation, proceeds of the Equityholder Litigation Claims.

4.      This Order shall be effective immediately upon its entry.

5.      The Court retains jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

# # #

*(Attorney Sarah L. Primrose is directed to serve a copy of this order on the parties that received service of the Motion and are non-CM/ECF users and to file a proof of service within three days of entry of the order.)*