## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RLSV, INC.,[1] | Case No. 6:24-bk-02488-GER |
| Wind-Down Debtor. | |
| _____/ | |

### THE RED LOBSTER GUC TRUST'S *EX PARTE* MOTION FOR ENTRY OF AN ORDER EXTENDING THE TIME TO FILE OBJECTIONS TO CLAIM OF ELEASIA BLACKMAN

The Red Lobster GUC Trust (the "Trust") hereby files this motion (the "Motion"), *ex parte*, seeking the entry of an order further extending the deadline by which the Trust must file and serve objections to the claim of Eleasia Blackman through and including May 19, 2026, the general claims objection deadline. In support hereof, the Trust respectfully submits as follows:

### Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and Article XI of the Plan (defined below). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On May 19, 2024 (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

---

[1] The last four digits of RLSV, Inc.'s federal tax identification are 6180, and its mailing address is 450 S. Orange Avenue, Suite 800, Orlando, FL 32801. The Chapter 11 cases of affiliates of RSLV, Inc. (collectively, the "Debtor Affiliates," with RLSV, Inc., the "Debtors") were closed effective as of December 27, 2024. *See* Case No. 6:24-bk-02486-GER at ECF No. 1549.

3.     On September 6, 2024, the Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving the Adequacy of the Disclosure Statement on a Final Basis, (II) Confirming the Joint Chapter 11 Plan for Red Lobster Management LLC and Its Debtor Affiliates, (III) Setting Deadlines, and (IV) Setting Post-Confirmation Status Conference* [ECF No. 1140, Case No. 6:24-bk-02486- GER] (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan for Red Lobster Management LLC and Its Debtor Affiliates* [ECF No. 1124, Case No. 6:24-bk-02486- GER] (the "Plan").

4.     The Plan became effective by its terms on September 16, 2024 [ECF No. 1177, Case No. 6:24-bk-02486- GER] (the "Effective Date"). Upon the Effective Date, the Trust was created pursuant to the Plan and has all of the rights and responsibility set forth in the Confirmation Order, the Plan, and GUC Trust Agreement, including reviewing and reconciling general unsecured claims.

5.     As set forth in Article VII.E. of the Plan, any objections to Claims[2] "shall be Filed on or before the later of (i) 180 days after the entry of the Confirmation Order and (2) such other period of limitation as may be fixed by the Bankruptcy Court" (the "Claims Objection Deadline"). In addition, as set forth in Article VII.E. of the Plan, motions to extend the Claims Objection Deadline may be filed on an *ex parte* or expedited basis.

6.     The initial deadline to object to claims in the Debtors' Chapter 11 cases was March 5, 2025. On January 21, 2025 the Plan Administrator filed a motion [ECF No. 38] (the "Initial Motion to Extend") to further extend the Claims Objection Deadline to September 5, 2025. The Initial Motion to Extend was granted by order of the Court [ECF No. 39], extending the Claims Objection Deadline to September 5, 2025. On August 21, 2025, the Trust filed a further motion

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

[ECF No. 287] (the "Second Motion to Extend") to further extend the Claims Objection Deadline to September 4, 2026. The Second Motion to Extend was granted in part by order of the Court [ECF No. 288], extending the Claims Objection Deadline to May 19, 2026.

7. On March 19, 2025, the Court entered the *Order (1) Granting Motion to Enforce Discharge, Injunction and Related Provisions in Confirmed Chapter 11 Plan, (2) Denying Eleasia Blackman's Cross-Motion, and (3) Setting Deadlines* [ECF No. 192] which, *inter alia*, set forth the deadline for the "Plan Administrator, or the appropriate party as delineated in the Plan" (as set forth therein) to object to the claim of Ms. Blackman [Claim No. 112] (the "Blackman Claim") within 21 days of the filing thereof (the "Blackman Claim Objection Deadline"). On March 28, 2025, the Court entered a further order [ECF No. 223] extending the Blackman Claim Objection Deadline to September 5, 2025, the date of the general Claims Bar Date under the granted Initial Motion to Extend.

**Relief Requested**

8. The Trust respectfully requests that the Blackman Claim Objection Deadline be extended to the same date as the general Claims Objection Deadline, May 19, 2026, without prejudice to the ability of the Trust to request further extensions.

**Basis for Relief**

9. Pursuant to Fed. R. Bankr. P. 9006(b)(1), the Court, for cause shown, may order the enlargement of the Blackman Claim Objection Deadline if the request is made before the expiration of the period originally prescribed.

10. As previously set forth in the Initial Motion to Extend and the Second Motion to Extend, the Trust had minimal funds on hand to commence a review of unsecured claims. While the Trust has received additional funding, such amount is still insufficient to allow the Trust to fund its operating expenses and to permit a review and reconciliation of general unsecured claims at this juncture. However, the Trust is in the process of investigating and pursuing potential causes

of action that may result in sufficient proceeds being received into the Trust in the future to allow it to review and reconcile unsecured claims. At this juncture, however, it would be premature for the Trust to proceed with claims administration (including with respect to the Blackman Claim) in advance of knowing if, and the extent to which, distributions will be made to holders of allowed unsecured claims.

11. Extending the deadline will provide the Trust additional time to receive potential additional funds into the Trust that will allow it to complete the review and reconciliation of claims and, where possible and cost efficient, to resolve such claims without recourse to formal objection. Additionally, bringing the Blackman Claim Objection Deadline into conformity with the general Claims Objection Deadline will aid in the efficient administration of this case and avoid duplicative efforts at a time where presently, as set forth above, the Trust is not in a position to make distributions. Accordingly, the Trust believes that the current circumstances provide a basis for further extension of the Blackman Claim Objection Deadline and that such extension is in the best interests of Ms. Blackman and all general unsecured claim holders.

12. The extension is not sought for improper dilatory purposes and will not unduly prejudice any claimants who have filed claims.

13. Pursuant to Fed. R. Bankr. P. 9006(b)(1), the Court, for cause shown, may order the enlargement of the Blackman Claim Objection Deadline if the request is made before the expiration of the period originally prescribed.

14. This Motion is filed in advance of the Blackman Claim Objection Deadline and, given the above-stated circumstances, the Trust has demonstrated a good faith basis by which to seek to extend the Blackman Claim Objection Deadline to the date of the general Claims Objection Deadline. Specifically, the extension of the Blackman Claim Objection Deadline will allow the

5

Trust to proceed in the most cost-effective manner with claims administration and there will be no prejudice to any party as a result of the granting of that relief.

15. Undersigned counsel for the Trust contacted counsel to Ms. Blackman prior to filing of this Motion, twice by email and three times by telephone. As of the date hereof, the undersigned have not received a response from counsel to Ms. Blackman as to whether the requested extension is agreed. In the event the undersigned receive such agreement prior to the Court's resolution of this Motion, counsel shall provide notice of such agreement on the docket.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Trust respectfully requests that the Court enter an order in substantially the form attached hereto as **Exhibit A,** granting this Motion and, thereby, extending the Blackman Claim Objection Deadline to the date of the general Claims Objection Deadline, May 19, 2026, and granting such other and further relief as the Court deems just and proper.

Dated: August 29, 2025

Respectfully submitted,

/s/ Jessey J. Krehl
Joseph A. Pack, Esq. (Florida Bar No. 117882)
Jessey J. Krehl, Esq. (Florida Bar No. 1025848)
**PACK LAW, P.A.**
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500
Email: joe@packlaw.com
       jessey@packlaw.com

- and -

**PACHULSKI STANG ZIEHL & JONES LLP**
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq. (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, New York 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: bsandler@pszjlaw.com
       rfeinstein@pszjlaw.com

*Co-Counsel to Red Lobster GUC Trust*

*Filer's Attestation: Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Jessey J. Krehl attests that concurrence in the filing of this paper has been obtained.*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and accurate copy of the foregoing was filed with the Clerk of this Court and has been furnished electronically to those parties registered to receive service via this Court's Case Management / Electronic Case Files system in the above-captioned bankruptcy proceeding on August 29, 2025.

                                              By: */s/ [DRAFT]*
                                                    Jessey J. Krehl
                                                    Email: jessey@packlaw.com
                                                    Florida Bar No. 1025848

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:                                                                                               Chapter 11

RLSV, INC.,[1]                                                                               Case No. 6:24-bk-02488-GER

    Wind-Down Debtor.
_____/

### *EX PARTE* ORDER GRANTING THE RED LOBSTER GUC TRUST'S *EX PARTE* MOTION FOR ENTRY OF AN ORDER EXTENDING THE TIME TO FILE OBJECTIONS TO CLAIM OF ELEASIA BLACKMAN

**THIS CASE** came before the Court, without a hearing, upon *The Red Lobster GUC Trust's* Ex Parte *Motion for Entry of an Order Extending the Time to File Objections to Claim of Eleasia Blackman* [ECF No. _____] (the "Motion").[2] The Court, having considered the Motion, and finding good cause for granting the relief, it is

    **ORDERED** as follows:

    1.    The Motion is **GRANTED**.

---

[1] The last four digits of RLSV, Inc.'s federal tax identification are 6180, and its mailing address is 450 S. Orange Avenue, Suite 800, Orlando, FL 32801. The Chapter 11 cases of affiliates of RSLV, Inc. (collectively, the "Debtor Affiliates," with RLSV, Inc., the "Debtors") were closed effective as of December 27, 2024. *See* Case No. 6:24-bk-02486-GER at ECF No. 1549.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2. The Blackman Claim Objection Deadline is extended to the date of the Claims Objection Deadline, through and including May 19, 2025.

3. Entry of the Order is without prejudice to the GUC Trust seeking a further extension, if necessary.

4. All other terms and conditions of the March 19, 2025 order shall remain in full force and effect.

5. The Court reserves jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

### #

*Attorney Jessey J. Krehl is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this Order.*