IN RE:

RED LOBSTER MANAGEMENT LLC,
et al

THE UNITED STATES, BANKRUPTCY
COURT FOR THE MIDDLE DISTRICT
OF FLORIDA, ORLANDO DIVISION

CASE NO.: 6:24-bk-02488

_____/

## CREDITOR, ANGELA NEWKIRK'S MOTION FOR RELIEF FROM BANKRUPTCY INJUNCTION

COMES NOW, ANGELA NEWKIRK, hereby files this Motion for Relief from this Court's Bankruptcy Injunction filed in the above-mentioned case, and as grounds therefore states as follows:

1. This matter involves a personal injury claim, where ANGEAL NEWKIRK, was injured on June 19, 2023, as a result of the alleged negligence of Debtor, RED LOBSTER RESTAURANTS, LLC, a Foreign Limited Liability Company while on the subject premises located at 2201 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409.

2. On March 11, 2025, Creditor ANGELA NEWKIRK filed a lawsuit against the Debtor, RED LOBSTER RESTAURANTS, LLC, based on the foregoing.

3. Upon filing the lawsuit, counsel for Red Lobster Restaurants, LLC notified the undersigned law firm that a permanent injunction was filed by the United States Bankruptcy Court, and that any lawsuits filed against Red Lobster Management LLC, and fourteen (14) of its affiliates, including Red Lobster Restaurants, LLC, that arose on or before September 16, 2024, are barred.

4. At the time of the subject incident the Debtor had insurance liability coverage which would cover the subject loss.

5. At no time during this litigation process or prior to same has the Creditor ANGELA

NEWKIRK sought Recovery from the Debtor that exceeded the subject liability insurance coverage.

6.      A lawsuit against a Debtor with a pending bankruptcy matter may proceed forward to trial through a final judgment, as long as any resulting judgment would be limited to the subject insurance proceeds. State Airlines, Inc. vs. Menut, 511 So. 2d 421 (Fla. 4th DCA 1987).

**WHEREFORE,** the undersigned respectfully requests that an Order be entered allowing this case to proceed forward with litigation through the final judgment providing that any judgment be limited to the proceeds of the subject insurance, unless the Debtor has been discharged from Chapter 11 bankruptcy prior to the judgment.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent via E-service to: Breanna Nelson, Rachel Studley, Wicker Smith O'hara Mccoy & Ford, P.A., counsel for Debtor, RED LOBSTER RESTAURANTS, LLC, 515 North Flagler Drive, Suite 1600, West Palm Beach, FL 33401, RStudley@wickersmith.com; Aunderwood@wickersmith.com; BNelson@wickersmith.com, on this 6th day of October 2025.

BODDEN & BENNETT LAW GROUP
*Attorneys for Plaintiff*
1880 North Congress Avenue, #215
Boynton Beach, FL 33426
Telephone: (561) 806-5229
Facsimile: (561) 806-5244
Designated E-mail: litlaw@bb.law

By: /s/ Carlos A. Bodden
Carlos A. Bodden
Florida Bar No.: 093343
W. David Bennett
Florida Bar No.: 087746

EXHIBIT - DRAFTED COMPLAINT

|  | IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA |
|---|---|

ANGELA NEWKIRK,

        Plaintiff,

CASE NO.:

vs.

RED LOBSTER RESTAURANTS, LLC
a Foreign Limited Liability Company,

        Defendant.          /

## COMPLAINT FOR DAMAGES

Plaintiff, ANGELA NEWKIRK, by and through undersigned counsel, sues Defendant, RED LOBSTER RESTAURANTS, LLC, a Florida Corporation, and alleges as follows:

1. This is an action for damages which exceed the sum of Fifty Thousand Dollars ($50,000.00), exclusive of costs, interest and fees.

2. At all times material herein, Defendant, RED LOBSTER RESTAURANTS, LLC (hereinafter "RED LOBSTER") was and is a Florida Corporation authorized to and doing business within the State of Florida, and more specifically, in West Palm Beach, Palm Beach County, Florida.

3. At all times material hereto, the Defendant, RED LOBSTER, owed a duty to the Plaintiff, ANGELA NEWKIRK, and other members of the general public similarly situated to keep its property and premises commonly known as "RED LOBSTER" and located at 2201 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409, in a reasonably safe condition and to protect Plaintiff, ANGELA NEWKIRK from dangers of which the business or its agents or employees was or should have been aware.

–1–

4.      On or about June 19, 2023 the Plaintiff, ANGELA NEWKIRK, a business invitee at Defendant RED LOBSTER's subject premises was seated in the subject restaurant's lobby waiting to be seated. At that time, an employee placed a tray of dirty dishes on a ledge above the area where the Plaintiff was seated. Shortly thereafter another employee walked by and stuck a tray of dirty dishes causing it to fall and strike the Plaintiff's body.

5.      Defendant, RED LOBSTER, as owner and/or property manager and/or operator of the aforementioned premises, and as the entity that had possession and control of said premises, had a duty to operate its business in a non-negligent manner and implement methodology which does not cause or contribute to the creation of dangerous conditions and also to avoid injury to the Plaintiff, ANGELA NEWKIRK, and other invitees to the Defendant's business, and also have a duty to warn the Plaintiff, ANGELA NEWKIRK, of all dangerous conditions, including the one herein previously alleged, which it knew or should have known existed on its property and which created an unreasonable risk of harm to Plaintiff, ANGELA NEWKIRK.

6.      At all times material hereto, the Defendant, RED LOBSTER negligently breached the above-mentioned duties in one or more, but not limited to, the following respects:

      a.      creating the condition which caused the Plaintiff's injury;

      b.      failing to maintain its premises/property in a reasonably safe condition;

      c.      allowing the dangerous condition to be on the property and/or to remain on the property for an unreasonable length of time, creating a hazard for invitees such as Plaintiff. The dangerous condition that caused the Plaintiff to get injured had been on the property long enough that the Defendant knew, or under the exercise of reasonable care should have known, that the

dangerous condition existed and should be promptly addressed and precautions taken to prevent its customers from being injured by its employees improperly placing restaurant dishes and trays. Nevertheless, Defendant did not take any of these steps and as a result Plaintiff sustained injuries and related damages;

d.   failing to properly secure, place, stack, store and/or maintain dishes and trays at its restaurant;

e.   failing to properly secure dishes and trays that are near to its customers; and/or

f.   failing to exercise due care with respect to the matter alleged in the Complaint.

7.   As a direct and proximate result of the aforementioned negligence of Defendant, RED LOBSTER, the Plaintiff, ANGELA NEWKIRK sustained injuries.

8.   As a further direct, proximate and foreseeable result of the negligence of the Defendant, RED LOBSTER the Plaintiff, ANGELA NEWKIRK, suffered bodily injury and resulting pain and suffering, disability, disfigurement, impairment of working ability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money in the future, aggravation of a previously existing condition, and Plaintiff has incurred medical expenses in the care and treatment of said injuries. The losses are either permanent or continuing in nature and Plaintiff, ANGELA NEWKIRK, will suffer said losses in the future.

**WHEREFORE,** the Plaintiff, ANGELA NEWKIRK, demands judgment for damages against the Defendant, RED LOBSTER RESTAURANTS, LLC inclusive of costs, pre-judgment interest, attorney fees, if allowable by law, and such other further relief as the Court deems just and proper, both in law and equity. The Plaintiff further demands trial by jury as to all issues triable as a matter or right.

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via service of process.

BODDEN & BENNETT LAW GROUP
Attorneys for the Plaintiff
1880 North Congress Avenue, #215
Boynton Beach, FL 33426
Telephone: (561)806-5229
Facsimile: (561)806-5244
Desig. Email: litlaw@bb.law

By: */s/ Carlos A. Bodden*
Carlos A. Bodden, Esq.
Florida Bar No.: 093343
W. David Bennett, Esq.
Florida Bar No.: 087746