UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                                   Chapter 11 Cases

RLSV, INC.,[1]                                           Case No. 6:24-bk-02488-GER

    Wind-Down Debtor.
_____/

## STIPULATION RE COMFORT ORDER THAT PAYMENTS FROM THE REORGANIZED DEBTORS' INSURERS DON'T VIOLATE THE PLAN INJUNCTION

Personal injury plaintiffs and creditors Melissa Randazzo and David Ontiveros (collectively, "**Creditor Plaintiffs**"), the Reorganized Debtors,[2] the GUC Trustee, and Debtors' insurers Zurich American Insurance Company ("**Zurich**") and Continental Insurance Company ("**Continental**" and together with Zurich, collectively, the "**Insurers**"), hereby mutually agree and stipulate (the "**Stipulation**"), and request that the Court order, that the proposed payments by Insurers to Creditor Plaintiffs described below do not violate the injunctions set forth in Article VIII.A of the Plan. This Stipulation is based upon the following:

1. Prior to Debtors (as defined in the Plan) filing their bankruptcy petitions, Creditor Plaintiffs sued defendants Red Lobster Management LLC, RFP Red Lobster, LLC, Red Lobster Hospitality, LLC and Terry Bainbridge (collectively "**Defendants**") in the Los Angeles County Superior Court to recover personal

---

[1]     The last four digits of RLSV, Inc.'s federal tax identification are 6180, and its mailing address is 450 S. Orange Avenue, Suite 800, Orlando, FL 32801. The Chapter 11 cases of affiliates of RLSV, Inc. (collectively, the "Debtor Affiliates," with RLSV, Inc., the "Debtors") were closed effective as of December 27, 2024. See Case No. 6:24-bk- 02486-GER (the "Red Lobster" case) at ECF No. 1549.

[2]     The term "Reorganized Debtors" shall have the same meaning as defined in the *Second Amended Joint Chapter 11 Plan for Red Lobster Management LLC and Its Debtor Affiliates* as of September 4, 2024 [ECF No. 1124] (the "Plan"), except, that, the term "Reorganized Debtors" shall not include Red Lobster Management LLC.

injuries, including traumatic brain injury, in the matter entitled *Melissa Randazzo et al. v. RFP Red Lobster, LLC et al.*, Case No. 21STCV40424) (the "**State Action**").

2. On May 17, 2024, Creditor Plaintiffs and Defendants executed a written settlement agreement (the "**Settlement Agreement**") to resolve the State Action.

3. Pursuant to the Settlement Agreement, Plaintiffs agreed to a broad release of claims in favor of Defendants and the Insurers in exchange for payment of One Million Two Hundred Fifty Thousand Dollars ($1,250,000) (the "**Settlement Amount**") to Creditor Plaintiffs.

4. The same day, Creditor Plaintiffs also (a) executed a release in favor of Defendants and the Insurers and (b) filed a notice of settlement in the State Action.

5. Two days after the Settlement Agreement was executed, on May 19, 2024, Debtors each filed a voluntary Chapter 11 bankruptcy petition.

6. The applicable Zurich general liability insurance policy imposes a diminishing self-insured retention ("SIR") in the amount of $250,000 per claim for claims with a date of loss prior to November 1, 2022. As of the date hereof, the SIR for the claims filed by the Creditor Plaintiffs has been fully satisfied and the Insurers' obligations with respect to the Creditor Plaintiffs' claims are not subject to any additional monetary obligations or liabilities of the Reorganized Debtors or Purchaser (as defined in the Plan).

7. On July 29, 2024, Debtors filed their Plan, which contained an injunction in Article VIII.A.5 that, except as otherwise provided for in the Plan or the Confirmation Order (as defined below), enjoins all persons who have held, or hold or may hold claims against the Debtors, from continuing any action or other proceeding to recover on such claims.

8. On September 5, 2024, this Court issued its *Findings of Fact, Conclusions of Law and Order (I) Approving the Adequacy of the Disclosure Statement on a Final Basis, (II) Confirming the Joint Chapter 11 Plan for Red Lobster Management LLC and its Debtor Affiliates, (III) Setting Deadlines, and (IV)*

*Setting Post-Confirmation Status Conference* [ECF No. 1140] (the "**Confirmation Order**").

9. The Confirmation Order, states as follows in paragraph 71:

"Neither the automatic stay nor the injunctions set forth in Article VIII.A of the Plan shall prohibit Melissa Randazzo or David Ontiveros from pursuing a direct action claim against any insurer."

10. Creditor Plaintiffs objected to confirmation of the Plan, which used the term "direct action claim," because the term "direct action claim" was not defined and therefore was unclear and ambiguous. (*See* ECF No. 1001 at 3-4.) To address this ambiguity, Creditor Plaintiffs proposed language for the Confirmation Order to expressly permit Creditor Plaintiffs to enforce the Settlement Agreement against Insurers. (ECF No. 1001 at 3.)

11. The Court's Confirmation Order did not include the language proposed by Creditor Plaintiffs, but did add the provision in paragraph 71 quoted above. Creditor Plaintiffs believed the language in paragraph 71 was sufficiently clear to permit Creditor Plaintiffs to proceed with enforcement of the Settlement Agreement and, as a result, withdrew their objection(s) to the confirmation of the Plan.

12. Zurich contends that Paragraph 71, which continues to use the term "direct action claim," remains ambiguous. Zurich informed Creditor Plaintiffs that it could not risk violating the injunction set forth in the Plan and Confirmation Order by making any payments to Creditor Plaintiffs on behalf of Defendants, without a court order addressing the ambiguity.

13. On July 9, 2025, Creditor Plaintiffs filed a civil lawsuit against the Insurers in the United States District Court for the Central District of California, titled *Melissa Randazzo et al. v. Zurich American Insurance Company et al.* (Case No. 2:25-cv-06255) (the "**Federal Action**"), alleging Insurers were obligated to pay the Creditor Plaintiffs $1,250,000 in exchange for the release agreements Creditor Plaintiffs executed in favor of Insurers pursuant to the Settlement Agreement.

14.   Creditor Plaintiffs and Insurers now desire to fully resolve the Federal Action, in exchange for payment of $1,250,000,[3] exchange of mutual releases, and dismissal of the Federal Action with prejudice, but Insurers are concerned their payments to the Creditor Plaintiffs could be viewed to violate the Plan injunction. As such, the Insurers require a comfort order from this Court that their payments to Creditor Plaintiffs do not violate the Plan injunction.

15.   Therefore, in consideration of the foregoing, paragraph 71 of the Confirmation Order, and to avoid this Court having to hear and decide a motion as to the breadth of the Plan injunction as to Creditor Plaintiffs and the Insurers, the parties to this Stipulation hereby jointly stipulate and agree, subject to entry by the Court of an order in substantially the form attached to this Stipulation as Exhibit A, that the Plan injunction does not apply to, nor prevent, the Insurers' $1,250,000 proposed payments to Creditor Plaintiffs, and that Insurers may make payments to Creditor Plaintiffs under the policies Insurers issued to Debtors without violating paragraph 71 or any other provision of the Confirmation Order or the Plan.

Dated: December 4, 2025

*Counsel for Zurich American Insurance Company*

/s/ Mark D. Plevin, Esq.
Mark D. Plevin, Esq.
PLEVIN & TURNER LLP
580 California Street, Suite 1200
San Francisco, California  94104
Telephone: (202) 580-6640
Email:  mplevin@plevinturner.com

-and-

Phillip M. Hudson, Esq.
DUANE MORRIS LLP
201 S. Biscayne Boulevard, Suite 3400

---

[3]   Zurich will pay $1,000,000 from proceeds under a commercial general liability insurance policy, and Continental will pay $250,000 from proceeds under an excess insurance policy.

                    Miami, FL 33131
                    Telephone: (305) 960-2200
                    Facsimile: (305) 960-2201
                    Email: PMHudson@duanemorris.com
                    Fla. Bar. No. 518743

Dated: December 4, 2025                    *Counsel for Continental Insurance Company*

                    /s/ Robert J. Prata, Esq.
                    Robert J. Prata, Esq.
                    PRATA & DALEY LLP
                    515 South Figueroa Street, Suite 1515
                    Los Angeles, CA 90071
                    Telephone: (213) 622-5600
                    Email: rprata@pratadaley.com

Dated: December 4, 2025                    *Counsel for Reorganized Debtors*

                    /s/ W. Austin Jowers, Esq.
                    W. Austin Jowers
                    KING & SPALDING LLP
                    1180 Peachtree Street, NE, Suite 1600
                    Atlanta, GA 30309
                    Telephone: (404) 572-4600
                    Email: ajowers@kslaw.com

Dated: December 4, 2025                    *Counsel for Creditor Plaintiffs*

                    David Y. Choi, Esq.
                    LYFE LAW, LLP
                    864 S. Robertson Blvd., Third Floor
                    Los Angeles, CA 90035
                    Telephone: (888) 203-1422
                    Email: davidc@lyfe.com

                    -and-

                    /s/ Samuel W. Hess, Esq.
                    Samuel Hess, Esq.
                    SHRAIBERG PAGE P.A.
                    2385 N.W. Executive Center Drive, Suite 300

                                        Boca Raton, Florida 33431
                                        Telephone: (561) 443-0800
                                        Email: shess@slp.law

Dated: December 4, 2025                    <u>*Counsel for the GUC Trustee*</u>

                                        <u>/s/ Jessey J. Krehl, Esq.</u>
                                        Joseph A. Pack, Esq.
                                        Jessey J. Krehl, Esq.
                                        PACK LAW, P.A.
                                        51 Northeast 24th Street, Suite 108
                                        Miami, Florida 33137
                                        Telephone: (305) 916-4500
                                        Email: joe@packlaw.com
                                                      jessey@packlaw.com

                                        -and-

                                        Bradford J. Sandler, Esq.
                                        Robert J. Feinstein, Esq.
                                        PACHULSKI STANG ZIEHL & JONES LLP
                                        1700 Broadway, 36th Floor
                                        New York, New York 10019
                                        Telephone: (212) 561-7700
                                        Email: bsandler@pszjlaw.com
                                                      rfeinstein@pszjlaw.com

*Filer's Attestation: Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Samuel W. Hess attests that concurrence in the filing of this paper has been obtained.*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:

RLSV, INC.,[1]

    Wind-Down Debtor.

_____/

Chapter 11 Cases

Case No. 6:24-bk-02488-GER

## ORDER APPROVING STIPULATION AND CLARIFYING ALLEGED AMBIGUITY IN THE CONFIRMATION ORDER

The Court has reviewed the Stipulation (Dkt. No. ___)[2] among personal injury plaintiffs and creditors Melissa Randazzo and David Ontiveros, the Reorganized Debtors, the GUC Trustee, and Debtors' insurers Zurich American Insurance

---

[1] The last four digits of RLSV, Inc.'s federal tax identification are 6180, and its mailing address is 450 S. Orange Avenue, Suite 800, Orlando, FL 32801. The Chapter 11 cases of affiliates of RLSV, Inc. (collectively, the "Debtor Affiliates," with RLSV, Inc., the "Debtors") were closed effective as of December 27, 2024. See Case No. 6:24-bk- 02486-GER (the "Red Lobster" case) at ECF No. 1549.

[2] Capitalized terms used herein have the same meaning as in the Stipulation.

1

Company and Continental Insurance Company. The Stipulation provides that the Insurers will pay to the Creditor Plaintiffs the Settlement Amount set forth in the May 17, 2024 written Settlement Agreement that Creditor Plaintiffs and Defendants executed to resolve the State Action, if the Court clarifies that paragraph 71 of the Confirmation Order allows the Insurers to pay their respective portions of the Settlement Amount without violating the Confirmation Order.

Based on the Stipulation, and good cause appearing therefor, the Court hereby orders as follows:

1. The Stipulation is approved.

2. Any payment by the Insurers of their respective portions of the Settlement Amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000) to Creditor Plaintiffs will not violate paragraph 71 or any other provision of the Confirmation Order or the Plan even if such payments erode or exhaust the available limits of liability under the Insurers' policies.

3. Each Insurer and the Creditor Plaintiffs shall exchange mutual releases, and the Creditor Plaintiffs shall dismiss their Federal Action as against each Insurer, effective as of the time such Insurer pays the Creditor Plaintiffs such Insurer's respective portion of the Settlement Amount.

4. The Reorganized Debtors and/or Purchaser satisfied the SIR for the claims filed by the Creditor Plaintiffs and, as a result, the Insurers' obligations to

pay the Settlement Amount are not subject to any additional monetary obligations or liabilities of the Reorganized Debtors or Purchaser. The Insurers shall have no recourse against the Reorganized Debtors or Purchaser with respect to payment of the Settlement Amount.

5. This Order shall be immediately effective upon entry on the docket, notwithstanding the possible applicability of any 14-day stay under the Bankruptcy Rules (such as Bankruptcy Rule 6004(h).

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

*(Counsel for Creditor Plaintiffs is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.)*