**ORDERED.**

Dated: December 05, 2025

_____
Grace E. Robson
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| RLSV, INC.,[1] | Case No. 6:24-bk-02488-GER |
| Wind-Down Debtor. | |
| _____/ | |

## ORDER APPROVING STIPULATION AND CLARIFYING ALLEGED AMBIGUITY IN THE CONFIRMATION ORDER

The Court has reviewed the Stipulation (Doc. No. 304)[2] among personal injury plaintiffs and creditors Melissa Randazzo and David Ontiveros, the Reorganized Debtors, the GUC Trustee, and Debtors' insurers Zurich American Insurance

---

[1] The last four digits of RLSV, Inc.'s federal tax identification are 6180, and its mailing address is 450 S. Orange Avenue, Suite 800, Orlando, FL 32801. The Chapter 11 cases of affiliates of RLSV, Inc. (collectively, the "Debtor Affiliates," with RLSV, Inc., the "Debtors") were closed effective as of December 27, 2024. See Case No. 6:24-bk-02486-GER (the "Red Lobster" case) at ECF No. 1549.

[2] Capitalized terms used herein have the same meaning as in the Stipulation.

Company and Continental Insurance Company. The Stipulation provides that the Insurers will pay to the Creditor Plaintiffs the Settlement Amount set forth in the May 17, 2024 written Settlement Agreement that Creditor Plaintiffs and Defendants executed to resolve the State Action, if the Court clarifies that paragraph 71 of the Confirmation Order allows the Insurers to pay their respective portions of the Settlement Amount without violating the Confirmation Order.

Based on the Stipulation, and good cause appearing therefor, the Court **ORDERS** as follows:

1. The Stipulation (Doc. No. 304) is **APPROVED**.

2. Any payment by the Insurers of their respective portions of the Settlement Amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000) to Creditor Plaintiffs will not violate paragraph 71 or any other provision of the Confirmation Order or the Plan even if such payments erode or exhaust the available limits of liability under the Insurers' policies.

3. Each Insurer and the Creditor Plaintiffs shall exchange mutual releases, and the Creditor Plaintiffs shall dismiss their Federal Action as against each Insurer, effective as of the time such Insurer pays the Creditor Plaintiffs such Insurer's respective portion of the Settlement Amount.

4. The Reorganized Debtors and/or Purchaser satisfied the SIR for the claims filed by the Creditor Plaintiffs and, as a result, the Insurers' obligations to

pay the Settlement Amount are not subject to any additional monetary obligations or liabilities of the Reorganized Debtors or Purchaser. The Insurers shall have no recourse against the Reorganized Debtors or Purchaser with respect to payment of the Settlement Amount.

5. This Order shall be immediately effective upon entry on the docket, notwithstanding the possible applicability of any 14-day stay under the Bankruptcy Rules (such as Bankruptcy Rule 6004(h)).

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

*Samuel W. Hess, counsel for Creditor Plaintiffs is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the Order.*